[310]   *D. K. WARNER AND WM. F. BUCKLEY,
        APPELLANTS, v. C. L. WILSON, FERDINAND
VASSAULT, WM. G. WOOD AND DEXTER H.
WRIGHT, RESPONDENTS.

ASSIGNMENT, RIGHTS OF ASSIGNEE.—An assignee of a contract, as security for a debt, and also in consideration of a covenant not to sue upon the debt, entitles the assignee to sue on the contract, in his own name.

[1] PLEADING, OBJECTIONS TO MISJOINDER OF PARTIES.—Objection should be taken by demurrer, or answer to the misjoinder of parties defendant. An answer will not be treated as a plea in abatement for a misjoinder of parties defendant, after the testimony has disclosed a proper cause of action against them.

[2] PROBATE LAW AND PRACTICE.—Letters of guardianship of a lunatic, issued by the Probate Court, cannot be questioned in a collateral proceeding.

CONTRACT, ACTION FOR BREACH OF.—The contract sued on required that the lumber should be delivered, from time to time, at such wharf or place as the defendants should designate. The defendants refused not only to designate the place of delivery, but to accept the lumber. *Held,* that the plaintiffs were entitled to sue for a breach of the contract, although at the time of the refusal of the defendants, the plaintiffs may not have been the owners of the lumber to be delivered.

APPEAL from the Fourth Judicial District.

Action for the breach of a contract.

The complaint alleged that on the 20th day of November, 1850, the defendants being about to construct a plank road from the City of San Francisco to the Mission Dolores, covenanted and agreed with Daniel K. Warner and Frederick Dunbar to furnish, for the construction of the road, sufficient merchantable plank to complete the same, and contracted to pay for the lumber at the rate of $80 per 1000 feet; a portion thereof to be delivered within sixty days after the date of the contract, and the balance from time to time, as they should be required by the said company, composed of the defendants; and that upon the delivery of the plank for said plank road, by Warner and Dunbar, the defendants agreed to pay for the same at the above price,

---

[1] Cited in *Dunn* v. *Tozer*, 10 Cal. 170.   See *Andrews* v. *Mok. Hill Co.*, 7 Cal. 330; *Alvarez* v. *Brannan*, Id. 503.

[2] Cited in *Irwin* v. *Scriber*, 18 Cal. 505.   See *Estate of Cook*, 14 Cal. 130.   *Dictum*, disapproved in *Smith* v. *Andrews*, 6 Cal. 654.

forty per cent. in cash and sixty per *cent. in stock    [311]
of the San Francisco and Mission Dolores Plank
Road Company, of which the defendants were members, and
for whom the contract was made; that, in order to construct
said plank road, it would have required more than 500,000
feet of plank, at a cost of $300,000; that in order to comply
with their contract, Warner and Dunbar expended large
sums of money, in erecting saw-mills, procuring timber,
furnishing materials, the employment of laborers, and the
purchase of a portion of the planks to be first delivered to
the defendants; and that Warner and Dunbar have been
ready and willing to comply with the terms of the contract,
and so notified the defendants, and tendered to them the
planks for the construction of the road; and that the de-
fendants refused to receive the planks and pay for them,
according to the contract.

The complaint also alleged that on the 13th day of March,
1851, Frederick Dunbar assigned all his interest in the con-
tract to one of the plaintiffs, W. F. Buckley, who has always
been ready to comply with the stipulations of the same.

The defendants denied generally, the allegations of the
complaint, and also, that the defendant Wilson, as President
of the San Francisco and Mission Dolores Plank Road Com-
pany, or otherwise, by their authority, entered into the con-
tract.

At the trial the plaintiff produced and proved the execu-
tion of the contract set forth in the complaint, which was
signed by Dunbar and Warner, and by C. L. Wilson, as
President of the Plank Road Company. They also pro-
duced and proved the execution of the assignment, from
Frederick Dunbar to Buckley, which was to secure a note
for $2,000, due by Frederick Dunbar to Buckley, and also,
in consideration of the forbearance of the said Buckley, to
sue for the same, as set forth in the assignment.

They then introduced a witness, Edward E. Dunbar, who
testified that he had acted in the matter of the contract, as
the agent of the plaintiff Warner, and also as the agent and
guardian of the plaintiff Frederick Dunbar, who was sub-
ject to temporary insanity. The plaintiffs here offered the

letters of guardianship. The defendants objected to the
evidence, and brought in the records of the Probate
[312]      Court, to show that *Frederick Dunbar was never
served with process. The Court sustained the
objection, and the plaintiffs excepted.

The witness Dunbar, proceeded to testify that Warner
went to Oregon, and erected a mill, for the purpose of car-
rying out the contract; that the defendants composed the
Plank Road Company, and held all its stock; and that Wil-
son, as President, had signed the contract, with the consent
and approbation of them all; and that he, as the agent of
Warner and Frederick Dunbar, at the time the first delivery
was due under the contract, had engaged sufficient planks to
comply with that part of the contract; that he then called on
the defendants Vassault and Wood, and told them he was
ready to deliver the planks, and asked them to designate the
wharf at which they would receive them; and they informed
him that the defendant Wilson was the only person author-
ized to act.

Wilson was out of town, but returned a few days after-
wards, and the witness immediately tendered the planks to
him, and desired him to designate the wharf at which he
would receive them; which he refused to do, and also to
accept the plank, according to the contract.

At the close of the testimony, the defendants moved for a
nonsuit, on the grounds set forth in the opinion.

The motion was granted, and plaintiffs appealed.

*W. H. Rhodes, E. W. F. Sloan* and *Sol. Sharp*, for Appel-
lants.

A defect of parties can only be taken advantage of by de-
murrer, or, if the defect be not apparent on the face of the
record, by answer. (Pract. Act, § 40, 44 and 45.)

The plaintiffs' covenant to deliver the lumber, was de-
pendent on the defendants' covenant to point out a place.
Hence it was impossible for the plaintiffs to deliver, until
the place was designated. (Addison on Contracts, 201 and
263; Chitty on Contracts, 737.)

An offer to perform, and a prevention by the defendants. are equivalent in law, to a full performance. (2 Co. Litt. 206, *b,* 207 *a,* 209 and 210 *a;* 1 Poth. Ob. 212, note *c;* Co. myn's Dig. Condition, L, 6; 1 Salk. 171; 7 Term, 125 and 180; 8 Taunt. 70; 10 Johns. 203; 13 Ib. 56; 8 Ib. 474; 3 Bibb, 372; 1 do. *379; 2 Conn. 494; 5 Ib. 405;    [313] 9 Ib. 564; 1 Harp, 410; 1 Nott & McC. 284; 16 Mass. 161; 1 Pet. 467.)

. The refusal of the defendants to designate the wharf, as agreed in the contract, was such a breach of their contract as excused the plaintiff from making a formal *tender* of the lumber, and hence their *ability* to comply, is a subject into which the defendants have no right to inquire. (Yelverton, 76, note 2; 1 Strange, 458; 1 East, 203; 2 Bos. & Pul. 447; 5 Johns. 179; 1 Bibb, 179.)

No brief on file for Respondents.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This appeal is prosecuted from a judgment of nonsuit.

It is difficult to say on what precise point the Court below based its judgment, and there is no brief on behalf of the respondents, showing the grounds on which they rely.

The motion for a nonsuit, as made in the Court below, contains four distinct grounds:

1st. Misjoinder of parties plaintiff. This point is not well taken.

The assignment from Dunbar to Buckley gave the express and undoubted right to sue.

Besides, a defect of parties, if it appear on the face of the declaration, must be taken advantage of by demurrer. (See Act Regulating Civil Cases, § 40, 44, 45.)

2d. Misjoinder of parties defendant. This objection should also have been taken by demurrer or answer. If the defendants' answer could now be treated as a plea in abatement, it would defeat a proper recovery upon the facts, as

the testimony shows that the other defendants fully authorized their co-defendants to execute the contract sued on, and afterwards ratified it.

3d. The want of evidence to show that the witness had any authority to act as the agent of Dunbar or Warner.

This authority is fully shown by the testimony of the witnesses, ond the letter of guardianship issued by the Probate Court, which ought to have been admitted in evidence, and could not be thus questioned in a collateral proceeding.

[314]          *4th, The fourth and last objection is, that there is no testimony to show that the parties plaintiff had the ability to perform their contract, by the delivery of the lumber, in case a place had been assigned.

The contract required that the lumber should be delivered from time to time, at such wharf or place as the defendants should designate.

The record shows that the defendants refused not only to designate the place of delivery, but to accept the lumber.

The refusal to designate the place was a breach of a condition precedent, on the part of the defendants, and absolved the plaintiffs from their liability.

Again, the evidence does show, beyond doubt, the ability to deliver the lumber. It is, however, contended that the plaintiffs should have shown that they were the actual owners of the lumber, and proof that they had made a conditional purchase to fill said contract, in case the defendants would accept the same, was insufficient; in other words, that they, knowing the defendants would not accept or comply with their contract, in order to fulfil their portion of it, must purchase actually, a useless quantity of lumber, for the purpose of making an offer of delivery. The absurdity of the proposition is apparent.

Many authorities on the subject of tender have been cited to this point, all of which apply to strict legal tenders of money, and not of bulky articles, and which have nothing to do with this case.

Judgment reversed, with costs, and cause remanded.