Tutorship of Melinda J. Hughes—Opposition, &c.

A judgment confirming the appointment of a testamentary tutor to a minor, cannot be treated as an absolute nullity by an application for another appointment, nor can it be attacked collaterally in the form of an opposition. A direct action should be brought to annul it.

APPEAL from the District Court of the Parish of Ouachita, *Richardson, J.* *McGuire & Ray* and *Stubbs & Jamison*, for appellee.

Spofford, J. The appeal in this case is not from the judgment of the 16th of December, 1857, recognizing the instrument signed by *Mrs. Bradley*, deceased, as her last will, and ordering it to be executed as such; but it is an appeal from the judgment of the 21st December, 1857, upon *William Hughes'* so called opposition, filed on the 18th of December, and his supplemental application of the same date.

The District Judge considered his judgment of the 16th of December, ordering the execution of an alleged will of *Mrs. Bradley*, whose only disposition was to appoint her husband tutor of her minor child, *Melinda Jane Hughes*, as a judgment confirming this appointment of a testamentary tutor, which confirmation had been expressly prayed for in the petition of *Mr. Bradley* for the probate of the will; to that petition there was no opposition filed.

We cannot say that the Judge erred in this construction, given to his own judgment; and the correctness of the judgment itself cannot be inquired into now, because that judgment is not appealed from.

Considering that decree as a judgment confirming *Mr. Bradley* as testamentary tutor of the minor, it is obvious that it could not be treated as an absolute nullity, or attacked, collaterally, in the form of an opposition, or an application for an appointment to a place already filled. The appellant should resort to a direct action.

Judgment affirmed.