[No. 11235. In Bank.—July 31, 1886.]

DAVID BURROUGHS ET AL., APPELLANTS, *v.* YSIDORA B. DE COUTS, EXECUTRIX, ETC., OF CAVE J. DE COUTS, DECEASED, ET AL., RESPONDENTS.

TRUST DEED—DELIVERY—SURRENDER BY TRUSTEE—CANCELLATION—EJECTMENT—EQUITABLE DEFENSE.—The action was brought to recover the possession of certain land originally owned by one Soto. The plaintiffs claim to have derived title to the demanded premises after the death of Soto, by a conveyance from the trustee and *cestui que trust* under a deed

of trust alleged to have been executed by Soto, and empowering the trustee and beneficiary to convey in case of his death pending the trust. The answer alleged that the trust deed was never delivered by Soto to the trustee, but merely deposited with him for safe-keeping, with the understanding that it should be returned for cancellation on demand, and that with the consent of the beneficiary the deed was surrendered to Soto, and canceled by the destruction thereof. *Held*, that the answer was sufficient to constitute an equitable defense.

ID. — ACQUIESCENCE BY BENEFICIARY — EVIDENCE — FINDING. — The court found that the trust deed was surrendered with the intention and agreement that the trust therein provided for should cease, and the property be owned by Soto as if the deed had never been made; that the beneficiary, with full knowledge of the facts, acquiesced therein; and that it was intended that a proper deed should be executed reconveying the property to Soto and terminating the trust, but on account of neglect the deed was never executed. The evidence showed that upon the redelivery of the trust deed, it was for some time in the possession of the beneficiary, who was the wife of Soto; that during his lifetime he managed and possessed the property as his own; that at his death he devised only a portion of it to her, and the residue to his children; that she was appointed and acted as the executrix of his will, described the property as belonging to his separate estate, submitted to a division of it as in the will provided, sold her interest in it as devised to her, and never asserted any claim under the trust deed until after twenty-four years. *Held*, that the finding was within the issues and sustained by the evidence.

ID. — ELECTION — CONFLICTING INTERESTS. — *Held further*, that the evidence was sufficient to sustain a finding that the beneficiary elected to take under the will, and not under the trust deed.

PLEADING — DEFECT OF PARTIES — ANSWER — DEMURRER — IMMATERIAL ERROR. — Where a demurrer to a separate defense in an answer setting up a defect of parties plaintiff is erroneously overruled, the error is without prejudice to the plaintiffs if the defendants subsequently abandon the defense.

DEED — RECORD — EVIDENCE OF EXECUTION AND DELIVERY. — Conceding that the record of a deed which is introduced in evidence without objection is *prima facie* evidence of the genuineness, due execution, and delivery of the original, still it is only *prima facie* evidence of those facts, and may be rebutted.

ID. — FINDING — DELIVERY — EVIDENCE. — A finding that certain deeds under which the plaintiffs claim were never delivered, *held*, supported by the evidence.

DECREE OF PARTITION — PROBATE COURT — ESTOPPEL — TITLE FROM DECEDENT. — Where a decree of partition of certain land, alleged to form part of the estate of a decedent, is rendered by the probate court, a party thereto is estopped from afterwards asserting any other title derived from the decedent adverse to that of his co-tenants under the decree.

GUARDIAN — APPOINTMENT OF — NOTICE TO RELATIVES — CONSENT — RECORD. — Under the statute in force in May, 1866, the appointment of a

guardian of the estate of a minor cannot be collaterally attacked for insufficiency of the notice to the relatives of the minor of the application for guardianship, if the record recites that all the near relatives of the minor in the county consented to the appointment.

ID. — SALE OF LAND BY GUARDIAN — ACTION TO RECOVER — STATUTE OF LIMITATIONS. — Under section 369 of the probate act, an action to recover lands sold by a guardian must be brought by the minor within three years after arriving at majority; otherwise the action is barred.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Arnold & Jones,* and *Works & Titus,* for Appellants.

*Leach & Parker, Conklin & Hunsaker,* and *George H. Smith,* for Respondents.

SEARLS, C.—This is an action of ejectment to recover certain premises situate in the county of San Diego, and known as the rancho Los Vallicitos de San Marcus, containing two square leagues of land, more or less.

The cause was tried by the court, and findings in writing filed, upon which judgment was rendered in favor of defendants, from which and from an order denying a new trial plaintiffs appeal.

The first error assigned is based upon the action of the court in overruling the demurrer of plaintiffs to the sixth count of defendants' answer.

The demurrer is upon the ground that the sixth count of the answer does not state facts sufficient to constitute a defense to plaintiffs' cause of action.

The sixth defense to the complaint sets out by averring the truth of, and makes a part of the defense, the first, second, third, fourth, and fifth paragraphs of the second defense, which paragraphs may be summarized as follows:—

In 1840, the governor of California granted to Alvarado and Sepulveda the demanded premises.

In 1852, Lorenzo Soto, claiming the premises as the

successor of the grantees, filed his petition for confirmation of the grant with the board of United States land commissioners.

That the commissioners rejected the grant, and the District Court of the United States on appeal reversed the decree of the board of land commissioners and confirmed the grant.

Thereafter, and on the 1st of March, 1883, the United States issued a patent in due form for said land to Lorenzo Soto, his heirs and assigns, and that all the interest or title which plaintiffs or either of them have in the demanded premises is derived under said grant, and under Lorenzo Soto.

That on February 21, 1859, said Lorenzo Soto and one José Machado signed and acknowledged a certain writing, in which the former conveys in trust to the latter, among other property, the demanded premises, the grantee to pay over the net proceeds to María Ignacio Moreno de Soto, the wife of the grantor, during her life, and upon her death the property was to revert to the grantor or his heirs or assigns, subject to the proviso that the grantor, trustee, and beneficiary might jointly convey any or all the property during the continuance of the trust, or in case of the death of Soto, pending the trust, then the trustee and beneficiary could convey.

That this deed of trust was never delivered to Machado, the trustee, but was left with him for safe-keeping only, with the understanding that it should be returned to Soto for cancellation on demand; and within one year thereafter, with the consent of the wife, it was surrendered to the grantor and canceled by a destruction thereof.

That this trust deed covered all the property Soto owned; that he had at that time one child, Rosa Soto, dependent upon him for support, and that all the right, title, or interest which the plaintiff Burroughs has or claims to have in the demanded premises is derived

solely as the successor to the rights of the trustee and beneficiary under the trust deed signed, canceled, and destroyed as aforesaid.

The answer then proceeds to aver that the power to convey as contained in the writing was a personal confidence reposed by Soto in the trustee, and was separate from the trust created, and terminated with the death of Soto, who died in 1863, and that the power of sale was never exercised by Machado, the trustee.

That plaintiffs, conspiring with Tomás Alvarado and María Ignacio Moreno de Soto (now the wife of Alvarado) to defraud defendants, who own the property in fee, by purchase from said Alvarado and his said wife, procured an order from the Superior Court appointing Alvarado trustee in place of Machado, and thereupon he as such trustee, and his wife as the beneficiary, under the trust deed, conveyed the demanded property to the plaintiff Burroughs, nominally for twenty thousand dollars, but really without consideration, and to defraud defendants.

A copy of the deed of trust, marked "Exhibit A," is attached to the answer and made a part thereof, from which it appears it was duly acknowledged and recorded on the ninth day of March, 1859, in the office of the county recorder of the county of San Diego.

This sixth defense is manifestly interposed as an equitable defense to the cause of action set out in the complaint.

If it is true, an apparent title passed from Soto to his trustee, and from the successor of that trustee and the beneficiary under the trust deed to plaintiff Burroughs, which can be enforced in an action at law because fair on its face, but which for the facts set out in the defense it would be inequitable to uphold. It was therefore proper to set them out as a foundation for invoking the equitable interposition of the court against the assertion of the legal title.

Counsel for appellants overlook *two facts* stated in this

defense, without the presence of which his argument would be unanswerable. The first is, the allegation "that said Lorenzo Soto died on the twenty-third day of February, 1863."

The second, that by the terms of the trust deed, the trustee and beneficiary were authorized in case of the decease of the party of the first part (Soto) to sell and convey absolutely any or all of the trust property. Under the allegations of the answer, therefore, the conveyance to Burroughs by the trustee and the beneficiary, if the trust deed was still in force, passed the legal title to the demanded property.

The case of *Bruck* v. *Tucker*, 42 Cal. 352, is not in point. That was an action in which a verbal agreement to convey certain property to the grantor of defendant was set up, and if sustained, it could only be upon the ground that a case was made warranting a specific performance; and as adequacy of consideration is a *sine qua non* in actions for that purpose, the answer was held insufficient for want of a proper averment of adequate consideration proportionate to the value of the property. In the present case, defendants aver title in themselves. The manner of the averment is not free from objection, and had a special demurrer been interposed, it would probably have been sustained; but in the absence of such special demurrer, it is deemed sufficient, and we are of opinion the demurrer was properly overruled.

The seventh cause of defense to which a demurrer was for like cause interposed, treated as an answer setting up a defect of parties plaintiff, is deemed insufficient, and the demurrer should have been sustained, but as no action was afterward taken upon this issue, and being in the nature of a plea in abatement, it was waived by the defendants, and no harm accrued to plaintiffs by reason of the erroneous ruling upon the demurrer.

Appellants attack so much of the second finding of the court below as finds that Lorenzo Soto was the sole

owner of the property in controversy from 1844 to the date of the trust deed, February 21, 1859.

A reference to the record will show that the record of a deed dated the third day of March, 1853, from Lorenzo Soto and María Rosa Soto, his wife, to Antonio Serrano, conveying to the latter the demanded premises, and duly recorded on the fifth day of March, 1853, was admitted in evidence. Also the record of a deed from Antonio Serrano to María Rosa Soto under date of April 9, 1853, conveying to the latter the same premises, and recorded on the day of its date.

There is also evidence tending to show that María Rosa Soto died December 20, 1857, leaving as heirs Lorenzo Soto, her husband, and a daughter, Rosa Soto; that the latter intermarried with plaintiff Seamans, and departed this life leaving a last will devising the demanded premises to said Seamans, etc.

The position of the appellants is, that the court below, in arriving at the conclusion that Soto continued to be the sole owner of the demanded premises, based its decision upon the theory that the record of the deeds from Soto to Serrano, and from Serrano back to Mrs. Soto, was not sufficient evidence of delivery. We do not so understand the position of the court.

It may be that the court below held that under section 1919 of the Code of Civil Procedure, which provides that "a public record of a private writing may be proved by the original record, or by a copy thereof certified by the legal keeper of the record," it was only intended to say that the fact or existence of the record only can be thus proven, and that if the execution and contents of a deed conveying real property are required as evidence, it can only be had as provided in section 1951 of the same code as enacted in 1874, and after proof that the original is not in possession or under the control of the party offering the evidence.

In the late case of *Brown* v. *Griffith*, 70 Cal. 14, and

involving the question of the admissibility of records of conveyances as evidence, the court, referring to section 1919, *supra*, says: "But the record only proves itself as a *record*. The record is not made primary evidence of the original writing."

Be this as it may, if it be conceded that as the records were introduced in evidence without objection, and are therefore *prima facie* evidence of the genuineness, due execution, and delivery of the original deeds, still it was only *prima facie* evidence of those facts, and was liable to rebuttal.

And on the other hand, defendants introduced as a witness José Antonio Serrano, the grantee named in the deed from Soto and wife of March 3, 1853, and grantor in the deed to Mrs. Soto of April 9, 1853, who denied in direct terms that the deed of Soto was ever delivered to him.

The witness testified in Spanish through an interpreter, and judging from the record, his evidence does not seem altogether satisfactory, owing to his apparent want of memory in reference to most of the transactions; but the court below in such a case, with the witness before him, had greatly the advantage over us, in his opportunities for arriving at the truth.

In addition to this testimony, there were other facts of some importance as militating against the delivery of the deeds, such as the fact that no one seems to have seen the originals, or know anything of them, except what appears of record,—the records fail to show by or for whom they were recorded.

For thirty years or thereabouts after the execution of the instruments, no possession was taken or claimed under them.

Soto seems to have retained possession of the property, and to have exercised over it all the acts of ownership incidental to and illustrating such ownership.

These considerations, and some others bearing upon

the question, induce us to conclude the evidence was sufficient to warrant the court below in finding that Soto was the owner of the property during all the period of time mentioned in the second finding, for the reason that the deed from him to Serrano of March 3, 1853, was never delivered.

Appellants challenge as unsupported by evidence so much of the third finding as relates to the delivering up to Soto of the trust deed of February 21, 1859, to Machado by the latter, with the intention and agreement that any and all trust therein provided for should cease, and the property should be owned by Soto as if no such deed had been made, and that Mrs. Soto, with full knowledge of the facts, fully acquiesced therein.

There seems to us to be an important fact in the finding which is omitted in the statement of appellants, which is, that "it was intended that a proper deed should be executed reconveying said property to Lorenzo Soto and terminating said trust. But on account of neglect, said deed was never executed."

We think the court was fully warranted from the evidence in finding the facts as set out in the third finding.

The evidence of knowledge on the part of Mrs. Soto, and acquiescence, is to be found in the facts that upon the redelivery of the trust deed to Soto, it was for some time in her possession; that during the life of her husband he managed and possessed the property as his own; that at his death he devised a portion only of it to her, and the residue to his children; that she was appointed and acted as the executrix of his last will, described the property as the separate estate of her deceased husband, submitted to a division of it as in the will provided, sold her interest in it as devised to her, and so far as appears never set up or pretended to make any claim under the trust deed until 1883.

The finding is not without the issues made by the pleadings. It is true, the answer avers that the trust

deed was never delivered as a conveyance to José Machado, the trustee, but only for safe-keeping, and the finding is against this averment; but immediately the answer proceeds to aver that within one year thereafter, and with full knowledge and consent of the beneficiary, the deed was surrendered up for cancellation on demand of Soto, and destroyed, etc.,—facts which, if true, were proper to be found, subject to such conclusions of law as might be deduced from their existence, or from them and other facts combined.

Objection is made to that portion of the fourth finding in the following words: "That she, the said María Ygnacia Mareno de Soto, duly elected to take under said will according to the terms thereof."

It follows logically that if the trust deed executed by Soto to Machado was delivered up and canceled so as to extinguish the trust and the estate created by such deed so far as Mrs. Soto, the beneficiary, was concerned, there was no occasion for an election; but as the defense under which it is claimed she elected to take under the will is a separate one, having for its basis the assumption of the existence in full force and vigor of the trust relation between the parties, it was proper to find the facts necessary to determine the questions presented under that issue.

Whether the last will of Soto did or did not present a case requiring his wife to elect whether she would take under such last will or under the trust deed (which for present purposes we shall consider in full force and vigor) is a question of law, to be determined by other considerations than those which apply to her acts and conduct as a devisee. Assuming, however, that it was her duty to elect, we think there was sufficient evidence to sustain the finding of the court.

An election may be express, as where the party by some specific and unequivocal act whereby the intention is clearly indicated, as by the execution of a written in-

strument declaring the election; or it may be implied from the acts of the party,—from his conduct, his acts or omissions, from his mode of dealing with and treating the property, etc.

" To raise an inference of election from the party's conduct merely, it must appear that he knew of *his right to elect*, and not merely of the instrument giving such right, and that he had full knowledge of all the facts concerning the properties.

"As an election is necessarily a definite choice by the party to take one of the properties and to reject the other, his conduct, in order that an election may be inferred, must evince an intention to elect, and *must show such an intention.*

" The intention, however, may be inferred from a series of unequivocal acts. . . . . Where a widow is required to elect between a testamentary provision in her favor and her dower, any unequivocal act of dealing with the property given by the will as her own, or the exercise of any unmistakable act of ownership over it, if done with knowledge of her right to elect, and not through a clear mistake as to the condition and value of the property, will be deemed an election by her to take under the will and to reject her dower." (Pomeroy's Eq. Jur., sec. 515.)

There was nothing equivocal in the acts of ownership exercised over the demanded property by the widow of Lorenzo Soto.

She sold it absolutely, and conveyed what purported to be the fee of the land to Couts, the testator of the defendants, reciting in her conveyance that it was her right in the said land derived by virtue of the will of Soto, "and of her separate property."

Both Burroughs and Seamans are estopped by the decree of partition in probate from setting up title derived from Soto adverse to that of their co-tenants under the same title. (Code Civ. Proc., sec. 1908; Freeman on

Cotenancy and Partition, secs. 530–532; Freeman on Judgments, sec. 249.)

Proceedings of the courts of probate within the jurisdiction conferred upon them by the law are to be construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and their judgments and decrees have like force and effect as judgments of the District Courts. (Hittell's General Laws, art. 1229.)

The record in the probate proceedings shows that the property belonged to the estate of Soto, deceased, and so far as we can see, the allegations of all the parties in the proceedings were to that effect, and they cannot now be heard to allege, in contradiction of the record, that what they in effect, by their silence, or by direct averments, said was true is not so in fact.

The decree of distribution in the Probate Court cannot be held binding for the purpose of giving to them property under the will of Soto to which they would not otherwise have been entitled, and at the same time as without force when they would set up rights to the property in opposition to the will or decree which settled the same title.

The objections made to the eighth finding of the court relate to the proceedings appointing José Machado guardian of the estate of Rosa Soto, the infant daughter of Lorenzo Soto, deceased, and to the proceedings under which her estate was sold, as well as to his acts as such guardian in the partition and distribution of the estate of Lorenzo Soto.

The petition under which Machado was appointed as guardian was filed May 2, 1866, and is in the usual form.

Service was waived by the attorney for the administrator, and a hearing had on the same day.

The order appointing Machado as guardian shows that the attorney for the estate was present, etc.; recites as follows: "And it appearing satisfactorily that all the near

relatives of said minor in said county are consenting hereunto," etc.

Beyond this recital, and the fact that José Serrano and María Serrano de Machado, who are shown by the record to be relatives, filed their consent in writing to the appointment, there is no evidence as to notice to relatives.

The statute then in force provided: "Before making such appointment, the judge shall cause such notice to be given to the relatives of the minor residing in the county, and to any person under whose care such minor may be, as he shall on due inquiry deem reasonable." (Hittell's General Laws, sec. 3362.)

The manner in which the notice shall be given to the relatives of the minor residing in the county is left to the judgment and reasonable discretion of the probate judge.   (*Gronfier* v. *Puymirol*, 19 Cal. 629.)

As against this collateral attack upon the action of the court in appointing a guardian, the record affords sufficient evidence of the regularity of the proceedings to warrant the presumption of the jurisdiction of the court and the validity of its acts.   (*Brodribb* v. *Tibbits*, 63 Cal. 80.)

We observe no want of regularity in the proceedings under which the interest of Rosa Soto in the demanded premises was sold by her guardian to Fox, the grantor of Couts, the testator of defendants.

Rosa Soto upon becoming of age instituted proceedings against her guardian for a settlement, in which she charged him, among other things, with the proceeds of this sale, and which she finally received.   This was an affirmance of the sale.

Again, under the probate act (Belknap's Probate, sec. 369), as under the present Code of Civil Procedure, sec. 1806, an action to recover lands sold by a guardian must be brought by the infant within three years after arriving at majority, or it is barred, which was not done in this case.

Like considerations apply to the objections taken to the sale of the interest of Viviana Soto.

We cannot, in the limited time at our command, notice in detail all the objections made to the findings of fact and conclusions of law, and must pass the remainder of them with the observation that a labored examination of the record convinces us that the facts as found are warranted by the evidence; that the conclusions of law are properly applied; and that notwithstanding some minor errors have crept into the record, substantial justice has been done, and a correct conclusion reached in the cause.

We are therefore of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

THORNTON, J., expressed no opinion.