## WILLIAM MOUNT

### v.

## S. D. SCHOLES, Admr.

*Filed at Springfield March 23, 1887.*

1. PLEADING—*plea of former recovery.* In pleading a former judgment in bar of a second suit on the same cause of action, either the term of the court at which it was recovered, or the exact date of the entry of the judgment, should be stated; and when taken in vacation, the time of its entry by the clerk should be stated. This rule should be applied with more stringency when the plea is not filed until after the issues are made up.

2. If the judgment was rendered before the issues are made up, the plea of former recovery can not properly be filed, except upon a special application to the court for that purpose. If rendered afterward, the matter can only be pleaded *puis darrein continuance.*

3. SAME—*plea puis darrein continuance.* A plea *puis darrein continuance* only questions the plaintiff's right to further maintain the suit, and by operation of law supersedes all other pleas and defences in the cause, and the parties proceed to settle the pleadings *de novo*, just as though no plea or pleas had theretofore been filed. As such pleas tend to delay the cause, great strictness is required in framing them, and, like pleas in abatement, they must be verified by affidavit.

4. Such a plea, in bar to the further prosecution of the suit, operates as an admission on the record that the suit was properly brought and prosecuted up to the time of its filing, or date when the new defence arose, and thus has an important bearing on the question of costs.

5. JUDGMENT BY CONFESSION—*when void for want of jurisdiction, and for fraud.* Where the maker of notes, after the death of the payee, acting in collusion with his wife, (a niece of the payee,) fraudulently abstracts them, and pending suit on them by the administrator, without the knowledge or consent of the administrator, confesses judgment on them in vacation, before the clerk of the court, in favor of the administrator, for the use of his wife, such judgment will be void for want of jurisdiction, and as being fraudulent, and will be no bar to the pending action by the administrator.

6. MERGER—*effect of a judgment upon evidences of indebtedness.* If judgment is rightfully entered by confession upon notes after suit brought thereon, but in a different court, the right of action on such notes will be merged in the judgment, and no recovery can be had upon the same; but if such judgment is fraudulent, and entered without legal authority or jurisdiction, there will be no merger.

7. EVIDENCE—*secondary evidence, when original instrument is wrongfully withheld.* The maker of notes, after the death of the payee fraudulently possessed himself of the same, and confessed a judgment in another court in favor of the administrator, for the use of the maker's wife, and filed such notes in such other court. In an action upon the notes by the administrator, it was stipulated that copies of the notes might be used as evidence if the originals were proper evidence: *Held,* that the plaintiff might properly recover upon the notes without producing them on the trial. In such case, the defendant could take no advantage from his own wrongful act in placing the original notes beyond the reach of the plaintiff.

8. PLEADING AND EVIDENCE—*of matters in defence arising after issues formed.* All matters of defence arising after the issues have been made up, must be specially pleaded, to entitle them to be given in evidence. Therefore, the rendition of a judgment by confession upon promissory notes, after suit brought on the notes, and the issues are made up, can not properly be shown in evidence under the general issue.

9. EXCEPTION—*when necessary.* If no exception is taken to the ruling of the trial court in admitting evidence objected to, and no cross-errors are assigned by the party objecting, the objection to the evidence will be considered as waived.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. N. M. BROADWELL, and Mr. W. J. CONKLING, for the plaintiff in error:

The plea of former recovery was a good plea. It fully sets forth a recovery by defendant in error, for use, etc.; against plaintiff in error, on the notes sued on.

The doctrine that a former adjudication bars another suit between the same parties and privies, for the same cause of action, seems fully settled. *Jones* v. *Smith,* 13 Ill. 301; *Zimmerman* v. *Zimmerman,* 15 id. 84; *Crosby* v. *Gipps,* 16 id. 352; *Railroad Co.* v. *Allen,* 39 id. 205; *Krenchi* v. *Dechler,* 50 id. 176.

It is equally well settled that a suit may be brought in the name of the party in whom the legal title is, for the use of the holder of an unindorsed note. *Bates* v. *Kempton,* 7 Gray, 382.

That in case of the death of the payee the holder may use the name of the administrator, although he protests against it, see *Bates* v. *Kempton,* 7 Gray, 382; 1 Wait's Actions and Defences, 370.

It is not competent for the defendant to controvert the right of the party for whose use the suit is brought, but it is enough to show a right in the legal plaintiff; and the party for whose use the suit is brought, need not show any right in himself. *Hamilton* v. *Brown,* 18 Pa. St. 87; *Saltmarsh* v. *Bower,* 22 Ala. 221; 1 Wait's Actions and Defences, 370.

It is wholly immaterial whether the judgment pleaded was rendered in an action commenced before or after the suit in which it is pleaded, *Casebeer* v. *Mowry,* 55 Pa. St. 419; *Duffy* v. *Lythe,* 5 Watts, 120; *Gates* v. *Preston,* 41 N. Y. 113.

Not being lost or destroyed notes, the declaration should have shown a right of recovery, without the production of the notes. *Rogers* v. *Miller,* 4 Scam. 333.

On rendition of the Menard judgment, the notes were merged in it. They then ceased to have an independent existence. Their legal existence became extinguished by merger in the judgment, and can never again become the basis of a suit. They have lost their vitality—are *functus officio.* *Wyman* v. *Cochrane,* 35 Ill. 152; Freeman on Judgments, sec. 215.

It is no excuse for the non-production of a paper sued on, to show that it is without the jurisdiction of the court, and in the possession of the adverse party by defective title. Abbott's Trial Evidence, 389; *Van Alstyne* v. *Bank,* 4 Abb. 449.

Messrs. PATTON & HAMILTON, for the defendant in error:

The demurrer was properly sustained to the special plea, because it fails to state that the judgment in the Menard circuit court was entered before this suit was commenced, and because it fails to state when the defendant was impleaded,

and, without giving any date, states that afterward the judgment was rendered.

But the defendant had the full benefit of his judgment record. A former recovery may be shown under the general issue. 1 Greenleaf on Evidence, sec. 531; 1 Chitty's Pleading, 418; 2 Gilm. 355; *Vanlandingham* v. *Ryan*, 17 Ill. 28.

The defendant, without the knowledge or consent of the administrator, after he is sued in the Sangamon circuit court, goes into another court, and tries to put the title in the notes in his wife, by the confession of the judgment.

But counsel say, if the confessed judgment is not a bar, the administrator can not recover on the notes because he can not force the Menard court to give the notes up to him,— that is to say, because the maker of these notes himself, or by collusion with his wife, and without the consent of Glasscock in his lifetime, or his administrator after his death, wrongfully and fraudulently files the notes in a court so as to make them a part of the record of that court, the administrator can not recover on them.

When copies of these notes were offered in evidence on the trial, the plaintiff in error expressly waived all objection which he might have urged to the non-production of the originals, and agreed that the copies might be used as evidence if the originals were proper evidence under the facts in this case. This agreement put defendant in error in the same position as if the clerk of the Menard circuit court had produced the notes at the trial on a *subpœna duces tecum.*

Mr. JUSTICE MULKEY delivered the opinion of the Court:

At the January term, 1886, of the Sangamon circuit court, S. D. Scholes, administrator of Travis Glasscock, deceased, recovered therein a judgment against William Mount, for the sum of $3704.37, which, having been affirmed by the Appellate Court for the Third District, the defendant brings the case here for review.

The record shows the following state of facts : Travis Glasscock died at the house of William Mount, in Menard county, this State, on the 18th day of March, 1882, leaving a last will and testament. The executors named in the will having declined to act, the defendant in error, S. D. Scholes, was appointed administrator of the estate, with the will annexed. At the time of Glasscock's death, he held notes given by Mount to himself, aggregating (interest included) between \$2000 and \$3000. These notes, together with other valuable papers, were kept by him in a small tin box. About a month before his death, as if apprehending some trouble in respect to them, he caused his business manager, A. J. Barber, to take a copy of them. After his death, the executors not finding the notes among his other papers, they called at the house of William Mount, and asked his wife, who is a niece of the deceased, what had become of them. In this interview, she stated, as is sworn to by two witnesses, that the deceased had given her the notes, and that they were burned. This statement, at least so far as the burning of the notes is concerned, was entirely false, as is shown by subsequent events. The administrator, without having the notes in his possession or power, on the 28th of December, 1882, brought the present suit upon them.

The declaration contained a special count on the notes, and also the money counts. At the February term, 1883, the defendant filed the plea of *non assumpsit,* and issue was joined thereon. No further steps seem to have been taken in the case until the September term, 1885, when the defendant filed a plea of former recovery, to which the court sustained a demurrer, and the ruling of the court upon the demurrer is assigned for error. The plea we regard as clearly bad, and, consequently, there was no error in sustaining the demurrer to it. Without stopping to consider the several objections to it which have been pointed out by counsel, we think its failure to state the time when the judgment was obtained, rendered

it substantially defective. In pleading a judgment, either the term of the court at which it was recovered, or the exact date of its rendition, should always be stated, and when taken in vacation, as this one was, the time of its entry by the clerk should be stated. (Freeman on Judgments, sec. 450.) If such be the general rule, it should certainly be applied with more stringency in cases like the present where the judgment is obtained after the commencement of the suit. In these cases the rights of the plaintiff will depend, to some extent, upon whether the judgment was recovered before or after plea. If rendered before, the plea could not properly be filed, except upon a special application to the court for that purpose. (*Millikin* v. *Jones*, 77 Ill. 372; *Fisher* v. *Green*, 95 id. 94.) If rendered afterwards, the matter could only be pleaded *puis darrein continuance*.

The general rule upon this subject, at common law, is, that any matter of defence arising after the commencement of the suit, can not be pleaded in bar of the action, generally. If such matter arise after the commencement of the suit and before plea, it must be pleaded to the further maintenance of the action. But if it arise after plea, and before replication, or after issue joined, whether of law or fact, then it must be pleaded *puis darrein continuance*. A plea of this kind involves grave legal consequences that do not attach to an ordinary plea. It only questions the plaintiff's right to *further maintain the suit*. When filed, it, by operation of law, supersedes all other pleas and defences in the cause, and the parties proceed to settle the pleadings *de novo*, just as though no plea or pleas had theretofore been filed in the case. By reason of pleas of this kind having a tendency to delay, great strictness is required in framing them. In this respect they are viewed much like pleas in abatement, and, for the same reason, they must, like those pleas, be verified by affidavit. 1 Chitty's Pleading, (12th Am. ed.) 660; 2 Tidd, (1st Am. ed.) 776-778.

Treating the plea under consideration as a plea of *puis darrein continuance,* it is confessedly bad. Indeed, it has none of the distinctive features of such a plea, nor has it been pleaded or treated by the court or counsel as such.

While, as we have seen, the plea in question fails to state the date of the judgment, nevertheless, upon looking into the record, we find it was entered on the 2d of March, 1883, which was some time after issue had been joined on the defendant's plea of *non assumpsit,* which was the only plea in the case. Now, it is clear from what we have already said, if the date of the judgment had been inserted in the plea according to the fact, the plea would, without doubt, have been clearly bad, because the matter set up in it could only have been pleaded *puis darrein continuance.* This is obviously so, for the reason such matter was only available as a bar to the *further prosecution of the suit,* whereas, by suppressing the date, it was sought to interpose it as a bar to the suit from its inception. This can not be permitted. These considerations clearly show the propriety of the rule above adverted to, which requires a plea of former recovery to state the date of the judgment. Had the matter been pleaded, as it ought to have been, as a bar to the further prosecution of the suit, only, it would have operated as an admission on the record that the suit was properly begun and prosecuted up to the time of filing such plea, or, in any event, up to the date of the judgment, which, of course, would have had an important bearing upon the question of costs.

The record of the judgment set up in the plea was put in evidence on the trial, under the general issue. The question therefore arises, what, if any, effect should be given the judgment as a mere instrument of evidence? We think it clear, from the authorities, as well as from the nature of the defence, and its legal effect, when properly made, that all matters of defence arising after the issue or issues have been made up, must be specially pleaded. Such being the law, it follows,

the trial court erred in admitting the record of the judgment in evidence, against the objection of the plaintiff. But as no exception seems to have been taken to the ruling of the court, the objection must be considered as waived. Moreover, no cross-errors have been assigned by the defendant in error.

Looking at the record, then, as we find it, the question arises, what, if any, errors of law intervened in the trial court, to the prejudice of plaintiff in error, for which the Appellate Court should have reversed the judgment.

A jury having been waived, the court, after the evidence was in, was asked to hold certain propositions, the legal effect of which was, that under the facts proved there was no right of recovery. The material points raised by the propositions submitted to the court may be considered together, but before doing so it will be necessary to advert more particularly to some of the facts out of which they arise.

It appears from the record, that on the 2d of March, 1883, plaintiff in error, without the authority, knowledge or consent of the defendant in error, confessed a judgment in the Menard circuit court, in favor of the latter, *for the use of Phebe Mount*, his wife, for the sum of $3219.80, upon the same notes now sued on; that said notes were filed with the other papers in said cause, at the time of the confession of said judgment, where they have remained ever since. Outside of the claim of Mrs. Mount, when called on to explain their absence, that they had been given to her by the testator, neither Mount, his wife, nor any one else, has explained in what manner, or for what purpose, or by whom, they were abstracted from the effects of the deceased. Her claim that they were given to her, is overcome by countervailing evidence. Moreover, it was connected, as we have seen, with the statement that they were burned, which was clearly false, and, indeed, without any foundation whatever, so far as this record shows.

Stating the matter in the very mildest terms, the evidence tends strongly to show that the plaintiff in error, acting in

26—120 ILL.

collusion with his wife, fraudulently abstracted the notes from the box in which the deceased had left them, and with a like fraudulent purpose of depriving the estate of their ownership, and preventing their collection by the administrator, confessed the judgment upon them in the Menard circuit court. If this be so, (and we must assume it is, for the courts below have both, in legal effect, so found,) the judgment in question was fraudulent and void. Viewed in this light, it clearly can not be made available as a defence to the present action. Under the circumstances, the clerk acted without authority or jurisdiction in entering up the so-called judgment.

The whole defence is based upon the hypothesis that the right of action on the notes was merged in the judgment. The conclusive answer to this is, that the judgment being fraudulent, and having been entered without legal authority or jurisdiction, there could be no merger.

We agree with counsel for plaintiff in error, that so far as the question of merger is concerned, it is of no consequence that the present suit was commenced first. If the judgment in the Menard circuit court had been properly confessed, and free from fraud, the right of action on the notes would have been merged, notwithstanding the confession and entry of it were subsequent to the commencement of this suit. And if, in such case, it had been properly pleaded, or even put in evidence without exception, as it was, it would have presented a complete bar to the further maintenance of the present suit, as we have already seen. This view does not at all conflict with the well recognized doctrine, adverted to by counsel, that where the jurisdiction is concurrent, the court first obtaining it will be entitled to hold it.

Under the circumstances, we perceive no force in the claim that the plaintiff can not maintain a suit upon the notes without having them in his possession. By the defendant's own wrongful act, the notes, as we have seen, now constitute a part of the records of the Menard circuit court, and he should

therefore not be permitted to derive any benefit from the plaintiff's inability to produce them in court. This would be to allow him to take advantage of his own wrong. Moreover, it is stipulated between the parties, that copies of the notes might be used as evidence, "if the originals were proper evidence under the facts in this case."

Holding, as we do, that the notes were not merged in the so-called judgment, it follows, they would have been proper evidence in the case, if present. The point, therefore, on either of these grounds, is clearly not well taken.

What we have already said is deemed a sufficient answer to the remaining points raised in the briefs.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*