GUARDIANSHIP OF MAUD TREADWELL ET AL., MINORS.

[No. 5,038; decided November 3, 1893.]

Guardian—Applications for Letters in Different Counties.—Where applications for letters of guardianship are made by different persons in several counties, each applicant claiming his county to be the residence of the minors, and the second application is filed before notice is given of the first, and is first heard and determined, the order granting the same and determining that the minors are residents of the county of the second applicant is res judicata and a bar to the application first filed.

Res Judicata.—In Considering the Question of Res Judicata, it is immaterial which proceeding was first instituted, if it has not reached a final determination. The case in which the first judgment is rendered is the prior one and controls, although rendered in the later proceeding.

Guardian—Application for Letters in Different Counties.—Where an application for letters of guardianship is granted by the superior court of one county, and an application is thereafter made to vacate the order on the ground that the minors are not residents of that county, which application is denied, the order denying it is conclusive upon an application for letters in the superior court of another county, although that application was first filed.

**Courts—Conflict of Jurisdiction.**—As between courts of concurrent jurisdiction, that court in which process is first served has the prior jurisdiction, irrespective of which proceeding is first instituted.

**Judgments.**—The Doctrine of the Conclusiveness of Judgments against collateral attack applies to judgments of the superior court in probate and guardianship as well as to those in any other branch of its jurisdiction.

**Guardian.**—The Residence Necessary to Confer Jurisdiction in matters of guardianship is the actual residence or abode of the ward, not his legal residence or domicile.

**Guardian.**—Residence is not Required, under section 1747 of the Code of Civil Procedure, in order to confer jurisdiction in guardianship proceedings, but mere inhabitance is sufficient.

**Inhabitancy—Residence.**—The Distinction Between an Inhabitant and a Resident is that the place one inhabits is his dwelling place for the time being, while the place where one resides is his established abode for a considerable time.

**Guardian.**—A Minor Over the Age of Fourteen Years has an exclusive right to petition for the appointment of his guardian until he has been cited and has neglected for ten days to nominate a suitable person as his guardian.

John Garber and W. S. Goodfellow, for the petitioners.

William Rix, for the respondents.

COFFEY, J. This is an application filed in the above-entitled matter by W. S. Goodfellow and R. H. Lloyd to have guardians appointed by this court for the persons and estates of Maud Treadwell, Thalia Treadwell, James P. Treadwell and Ivan Treadwell, the children of James P. Treadwell and Mabel Treadwell, both of whom are deceased.

James P. Treadwell died at the city and county of San Francisco on the twenty-seventh day of December, 1884, leaving estate in said city and county, and being a resident thereof at the time of his death. He left surviving him his widow, Mabel Treadwell, and the above-named minors, and an infant daughter since deceased. By his will, which was duly admitted to probate by the superior court of the city and county of San Francisco, James P. Treadwell left his estate to his widow, Mabel Treadwell, and his said minor children.

Upon application, duly made to this court, the said Mabel Treadwell was on the twenty-sixth day of April, 1886, duly appointed by this court guardian of the persons and estates of said minor children, Maud, Thalia, Ivan and James P., and immediately entered upon the performance of her trust as guardian, and continued to act as such guardian down to the time of her death, which occurred at the city and county of San Francisco on the fifth day of December, 1892.

From the time of the death of said James P. Treadwell the said minor children lived with their mother up to the time of her death, most of the time in the city and county of San Francisco. By will, duly admitted to probate by this court, said Mabel Treadwell appointed George Heazelton and the said W. S. Goodfellow testamentary guardians of the estates of her said minor children, but the said Heazelton and Goodfellow resigned their trust as such guardians and renounced their rights to letters.

On the third day of February, 1893, and after the renunciation by the said Goodfellow and Heazelton as testamentary guardians, the said Goodfellow and R. H. Lloyd filed the present application praying this court to appoint guardians for the persons and estates of said minors, alleging that said minors had no guardians appointed by will or deed, and this court on the fourth day of February, 1893, made an order that notice of said application be given to Calvin F. Summers, a relative and uncle of said minors.

During the lifetime and up to the time of the death of the said Mabel Treadwell, said Calvin F. Summers lived with said Mabel Treadwell and her said minor children in the city and county of San Francisco, and after the death of said Mabel Treadwell the said minor children continued to live with said Summers in the said city and county of San Francisco. On the first day of February, 1893, and before the filing of the present application, the minor, James P. Treadwell, who was at that time over the age of fourteen years, left the city and county of San Francisco and took up his abode in the city of San Jose, county of Santa Clara; and on the fifth day of February, which was after the filing of the present application, but before any citation or other process herein was issued or served, the remaining three minor chil-

dren—to wit, Maud, Thalia and Ivan—removed from the city and county of San Francisco in company with, and in the custody of, their said uncle, Calvin F. Summers, to the city of San Jose, county of Santa Clara, where all of said minors took up their abode and have all since continued to live with their said uncle.

On the eighth day of February, 1893, which was before any citation or process issued from this court was served, the said Calvin F. Summers and E. W. Clayton applied to the superior court of the county of Santa Clara to be appointed guardians of the persons and estates of the minors, Thalia Treadwell, James P. Treadwell and Ivan Treadwell, alleging that the said minors were residents of the county of Santa Clara. Said application, after notice duly given in conformity with the statute and the order of the court, came on for hearing in the said superior court of the county of Santa Clara on the tenth day of February, 1893, and the said court thereupon determined and decided that said minors, Thalia, James P. and Ivan, were residents of the county of Santa Clara, and appointed the said E. W. Clayton guardian of the estates of the said James P. Treadwell and Ivan Treadwell, and appointed the said Calvin F. Summers guardian of the person and estate of the said Thalia and guardian of the persons of said James P. and Ivan—the said minors Thalia and James P., who were over the age of fourteen years, having upon said hearing consented in writing and requested the said court to appoint the said E. W. Clayton and Calvin F. Summers as such guardians of their persons and estates. The said Calvin F. Summers and E. W. Clayton duly qualified as such guardians, letters of guardianship were issued to them, and they thereupon entered upon the performance of their trust, and have since continued to act as such guardians of said minors.

No appeal was ever taken from the order of the superior court of Santa Clara county appointing the said Summers and Clayton as such guardians of said minors, but said Goodfellow and Lloyd on the sixth day of April, 1893, filed in said superior court of Santa Clara county an application to have the said order made by the superior court of Santa Clara county on the tenth day of February, 1893, appointing

the said Summers and Clayton guardians of said minors revoked and recalled, and set forth in said application the fact of the filing by them on the third day of February, 1893, of the present application in this court, and alleged in said application that the said minors were not residents or inhabitants of the county of Santa Clara, but were residents and inhabitants of the city and county of San Francisco. Upon and pursuant to this application to revoke, orders to show cause were duly made by the said superior court of Santa Clara county requiring the said E. W. Clayton and the said Calvin F. Summers to appear before the said superior court of Santa Clara county on the seventeenth day of April, 1893, and then and there to show cause why the letters of guardianship issued to them by said court should not be revoked and set aside upon the ground that the said minors were at said time, and were at all times, residents of the city and county of San Francisco, and upon the ground that before and at the time of the commencement of proceedings in the said superior court of Santa Clara county, the superior court in and for the said city and county of San Francisco had and was exercising jurisdiction of the estate and guardianship of said minors.

Pursuant to said orders to show cause, the said Calvin F. Summers and E. W. Clayton appeared in the superior court of Santa Clara county and filed a written answer to the said application of the said Lloyd and Goodfellow; and the said orders to show cause, and the issues raised by said application and the said answer thereto, came on regularly to be heard in said superior court of Santa Clara county and were duly heard and considered by said court, and the said court, on the twenty-seventh day of April, 1893, made and entered its order whereby it ordered that the application of the said Goodfellow and Lloyd to have the order theretofore made appointing the said Clayton and Summers revoked and the said letters of guardianship set aside be denied, and the said orders to show cause discharged. No appeal was ever taken from this last-mentioned order of the superior court of Santa Clara county, although an appeal was attempted to be taken after the statutory period for appeal had elapsed and the order had become final.

The citations issued from this court on the present application were not served until after the superior court of Santa Clara county had made the order above mentioned appointing the said Summers and Clayton guardians—citations issued on the twelfth day of April, 1893, having been served on Thalia Treadwell and James P. Treadwell at the city of San Jose on the fourteenth day of April, 1893, and a citation issued on the eighth day of May, 1893, having been served on said Calvin F. Summers on the tenth day of May, 1893. No citation was ever served on Ivan Treadwell.

Before the present application came on for hearing in this court, and on the sixth day of July, 1893, the said Maud Treadwell attained her majority.

The said Calvin F. Summers, Maud Treadwell, Thalia Treadwell and James P. Treadwell, in obedience to the said citations, appeared in this court by their attorneys, and on the twenty-second day of September, 1893, filed an answer to the said application of said Lloyd and Goodfellow, and in said answer set up and pleaded in bar of this proceeding the order so made by the superior court of Santa Clara county—to wit, the order made by said court on the tenth day of February, 1893, appointing the said Clayton and Summers guardians, and the order made by the said court on the twenty-seventh day of April, 1893, denying the application of the said W. S. Goodfellow and R. H. Lloyd to have the letters of guardianship issued to said Summers and Clayton revoked—and upon the hearing in this court they introduced in evidence the record of the proceedings so had and taken in the superior court of Santa Clara county.

The said Maud Treadwell and the said minors, Thalia and James P., testified on the hearing that the present application made by said Lloyd and Goodfellow had not been made at their request or with their consent, and the said Thalia and James P. testified that they did not desire guardians to be appointed for them in this proceeding, but were satisfied with the guardians appointed by the superior court of Santa Clara county; and the said Calvin F. Summers, Maud Treadwell, Thalia Treadwell and James P. Treadwell testified that at the time of their removal from the city and county of San Francisco to the city of San Jose they had no knowledge or

notice of the present application or of any application made to the court for the appointment of guardians, and further testified that the said Mabel Treadwell shortly before her death had placed the said minors and the said Maud, who was at that time a minor, in the charge and custody of their uncle, Calvin F. Summers, and requested that in the event of her death he should remove them from the city and county of San Francisco.

The order of the superior court of Santa Clara county appointing guardians is a complete bar to this proceeding, for it is the judgment first obtained that controls, although rendered in the later suit or proceeding: Wells on Res Judicata, sec. 292, and cases cited; Van Fleet on Collateral Attack, sec. 580; Mount v. Scholes, 120 Ill. 402, 11 N. E. 401; 2 Black on Judgments, sec. 791; 7 Rob. Pr. 224; Estate of Sealy, 1 Cof. Pro. Dec. 90; Casebeer v. Mowry, 55 Pa. 422, 93 Am. Dec. 766.

When we are considering the question of res judicata, it is not material which proceeding was first instituted if it has not reached a final determination. The case in which the first judgment is rendered is the prior one, and that, too, whether it is a domestic or a foreign judgment: 21 Am. & Eng. Ency. of Law, 233, and cases cited.

Not only is the order made by the Santa Clara court appointing the guardians a complete bar, but the order made by that court refusing to set aside the order appointing guardians is certainly also conclusive here, as the very question sought to be litigated in this proceeding was litigated and contested upon the application which resulted in the last-mentioned order: Gregory v. Kenyon, 34 Neb. 640, 52 N. W. 685, 687.

Moreover, the order of the Santa Clara court appointing guardians is in any event binding upon the whole world, for, as shown by the record introduced in evidence, the notices required by the statute were duly given, and it was the duty of anyone objecting to the application there made to appear and contest the same.

The principle that the judgment first obtained controls, when pleaded as a bar, does not at all conflict with the well-recognized doctrine relied upon by counsel for the San Fran-

cisco application, that where the jurisdiction is concurrent, the court first obtaining it will be entitled to hold it: Mount v. Scholes, 120 Ill. 402, 11 N. E. 401.

But as between courts of concurrent jurisdiction, that court in which process is first served has the prior jurisdiction irrespective of which proceeding is first initiated: Bell v. Ohio etc. Co., 1 Biss. 260, Fed. Cas. No. 1260; Union etc. Ins. Co. v. University of Chicago, 10 Biss. 191, 6 Fed. 443; In re Danneker, 67 Cal. 643, 8 Pac. 514; Code Civ. Proc., sec. 416. See, also, Sheldon's Lessee v. Newton, 3 Ohio St. 494, 499, 500; Keating v. Spinks, 3 Ohio St. 105, 62 Am. Dec. 214; Ball v. Tompkins, 41 Fed. 490; Smith Purifier Co. v. McGroarty, 136 U. S. 237, 10 Sup. Ct. 1017, 34 L. Ed. 346.

As to when a court acquires jurisdiction over the subject matter, see Ball v. Tompkins, 41 Fed. 490.

That service of some character is necessary in proceedings for the appointment of guardians in order to acquire jurisdiction, see Burroughs v. De Couts, 70 Cal. 373, 11 Pac. 734; Seaverns v. Gerke, 3 Saw. 353, Fed. Cas. No. 12,595.

The question of residence, upon which question depends the jurisdiction of the superior court to appoint guardians, being a matter which the superior court of Santa Clara county had a right to hear and determine, the conclusion reached by that court is conclusive in this proceeding; for the determination by a court of general jurisdiction or court of record of any fact or facts upon which its jurisdiction depends is conclusive against collateral attack in another proceeding: Irwin v. Scriber, 18 Cal. 500; Warner v. Wilson, 4 Cal. 310; Burroughs v. De Couts, 70 Cal. 373, 11 Pac. 734; In re Pierce, 12 How. Pr. 534; Guardianship of Danneker, 67 Cal. 643, 8 Pac. 514.

And generally upon this question, see Callen v. Ellison, 13 Ohio St. 446, 82 Am. Dec. 448, and note; Coit v. Haven, 30 Conn. 190, 79 Am. Dec. 244, and note; Hammond v. Davenport, 16 Ohio St. 182; Hahn v. Kelly, 34 Cal. 413, 94 Am. Dec. 742; Carpentier v. Oakland, 30 Cal. 446; Hodgdon v. Southern Pacific Co., 75 Cal. 642, 17 Pac. 928; Paine v. Schenectady Ins. Co., 11 R. I. 411, 416.

The doctrine of the conclusiveness of judgments against collateral attack applies to judgments and decrees of the pro-

bate court or of the superior court sitting in probate and matters of guardianship, as well as to those of any other tribunal: Irwin v. Scriber, 18 Cal. 500; Burroughs v. De Couts, 70 Cal. 373, 11 Pac. 734; Garwood v. Garwood, 29 Cal. 514; Arlaud's Succession, 42 La. Ann. 320, 7 South. 532; Succession of Winn, 3 Rob. 304; Tutorship of Hughes, 13 La. Ann. 380, and other cases cited supra.

The residence necessary to confer jurisdiction in matters of guardianship is the actual residence or abode of the ward, not his legal residence or domicile: In re Hubbard, 82 N. Y. 90; In re Pierce, 12 How Pr. 532; Ex parte Bartlett, 4 Bradf. 221; Ross v. Southwestern R. R. Co., 53 Ga. 514; In re Raynor, 74 Cal. 422, 16 Pac. 229.

Under our law a minor fourteen years old may change his residence, although it be admitted that he cannot by his own act change his domicile: Pol. Code, sec. 52; In re Raynor, 74 Cal. 422, 6 Pac. 229.

But our statute does not even require residence in order to confer jurisdiction; mere inhabitance is sufficient: Code Civ. Proc., sec. 1747.

"Inhabitance: abode in a dwelling place for the time being. It is distinguished from the temporary sojourn of a transient person, but as often used it does not necessarily imply the finality of intention respecting abode that is implied by domicile. Inhabitance refers rather to actual abiding, domicile to the legal relation which is not necessarily suspended by absence": Century Dictionary.

"Resident: in law an established abode fixed for a considerable time, whether with or without a present intention of ultimate removal. A man cannot fix an intentionally temporary domicile, for the intention that it be temporary makes it in law no domicile, though the abode may be sufficiently fixed to make it in law a residence in this sense. Residence is a fact easily ascertained; domicile a question difficult of proof. It is true that the two terms are often used as synonymous, but in law they have distinct meanings": Century Dictionary.

The correct construction of the sections of the Code of Civil Procedure relating to the appointment of guardians of minors is that a minor over the age of fourteen years has the

exclusive right to petition for the appointment of his guardian until he has been cited to appoint a guardian and has neglected for the period of ten days: Code Civ. Proc., secs. 1747-1749.

Application denied.

As to the Conflict in Jurisdiction where letters testamentary or of administration are applied for in different counties, see Estate of Sealy, 1 Cof. Pro. Dec. 90, and note.