JAMES McFARLAND, IMPLEADED, ETC.

V.

ABRAM CLAYPOOL.

*Practice—Motion to File Amended Plea—Presumption—Attachment.*

It will be presumed that the court below properly overruled a motion for leave to file an amended plea, where no such plea appears in the bill of

exceptions and there is no statement in the record that it was prepared and ready to file.

[Opinion filed January 16, 1889.]

In error to the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. James Frake, for plaintiff in error.

Messrs. Cratty Bros. & Ashcraft, for defendant in error.

Moran, J.   An attachment was issued against plaintiff in error upon an affidavit filed January 8, 1887, in which it was stated "that he, the said James S. McFarland, conceals himself or stands in defiance of an officer so that process can not be served upon him, and has, within two years last past, fraudulently conveyed or assigned his effects, or part thereof, so as to hinder and delay his creditors, and has, within two years last past, fraudulently concealed or disposed of his property so as to hinder and delay his creditors, and is about to fraudulently conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors."

On the 8th of February, plaintiff in error filed in said attachment suit a plea in abatement of the attachment, duly sworn to by him, in which he prayed judgment of the writ, and traversed the allegations of the attachment affidavit in the following words:

"Because he says that he did not conceal himself and did not stand in defiance of an officer so that process could not be served upon him; that he has not within two years last past fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors ; has not within two years last past fraudulently concealed or disposed of his property, so as to hinder and delay his creditors, and was not about fraudulently to conceal, assign or otherwise to dispose of his property or effects so as to hinder and delay his creditors."

To this, defendant in error demurred, and the court sustained the demurrer.   Thereupon a motion was made in

behalf of plaintiff in error, by his attorney, for leave to file an amended plea in abatement, and, on the court requiring it, an affidavit was filed by the attorney in support of the notice to file such plea.

The affidavit shows that the client had stated to the attorney facts which, if they had been set out in the plea, would have constituted a sufficient traverse to the attachment affidavit; that the plea was in fact drawn by the attorney's clerk and the attorney supposed it had been properly drawn; that he was taken by surprise by the action of the court in sustaining the demurrer; that if he had anticipated such ruling he would have had his client present, who was absent in Denver, Colorado. The court denied leave to file an amended plea, and there was judgment against the plaintiff in error.

It is very clear that the plea filed was no sufficient traverse of the attachment affidavit, and demurrer thereto was properly sustained. The alleged error of the court in refusing leave to file an amended plea is not presented by the record. No amended plea is set out in the bill of exceptions, and there is no statement in the record that such plea was prepared and ready to file. The statement of counsel in his brief that he had a plea ready to file, could we regard such statement as supplying the record in that respect, would not aid plaintiff in error, for the plea is not set out; and before we can pass upon the question whether the court erred in refusing leave to file a plea, we must see what the plea sought to be filed was. Fadner v. Filer, 27 Ill. App. 506, at this term. The error which counsel has pressed for reversal in his brief does not arise on the record which he presents in such manner as to be available to plaintiff in error.

The judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*

GARY, J., takes no part in the decision of this case.