CITY OF CHICAGO

v.

EMMA BABCOCK.

*Municipal Corporations—Negligence of—Personal Injuries—Settlement.*

Where an action to recover for personal injuries is brought against a municipality and the owner of the building in front of which the injury took place, plaintiff settling with the owner after the bringing of suit and joinder of issue, to take advantage of such settlement, the same should have been brought to the attention of the court by the city by plea of *puis darrien* continuance.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. GEORGE F. SUGG, C. S. CAMERON and W. E. HUGHES, for appellant.

Messrs. WALKER & LOWDEN, for appellee.

WATERMAN, J. It is argued in this case that appellee, who was injured by falling through an opening in a sidewalk, was not exercising ordinary care when she so fell, and that for this reason the judgment in this case should be reversed.

We do not think the record presents a state of facts warranting us in setting aside the finding of the jury in this regard. They were properly instructed and the evidence is sufficient to sustain the verdict.

The suit as first brought was against the city, and the owner of the building in front of which appellee fell, and for the use of whose tenants the opening existed. Appellee settled with such owner, receiving from him a sum of money; it is insisted that such settlement precluded her from recovering against the city.

The settlement was not pleaded, and occurring as it did after action brought and issue joined, it should have been brought to the attention of the court by plea of *puis darrien* continuance. Chitty's Pleading, Vol. 1, 689; Jackson v. Ramsey, 3 Cowen, 75; Mount v. Scholes, 120 Ill. 394.

No such plea having been filed the defendant was not, at the trial, in a position to avail itself of such settlement.

The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*