THE CITY OF EAST ST. LOUIS, for the use of John Dowd,

*v.*

JOHN W. RENSHAW *et al.*

*Filed at Mt. Vernon November 23, 1894.*

1. PLEADING—*plea puis darrein continuance supersedes all others.* A plea *puis darrein continuance* supersedes all other pleas and defenses, and admits the cause of action as though no other defense had been urged, but does not confess what is not alleged.

2. SAME—*when such plea presents a good defense.* To a declaration on a city treasurer's bond, alleging as a breach failure to pay over money as ordered by the council, but not alleging unreasonable delay, a plea *puis darrein continuance,* of payment of such money in obedience to a second order of the council, presents a good defense.

3. OFFICIAL BOND—*penalty cannot be invoked when officer is misled.* In a suit upon the official bond of a city officer, the obligee city is the real plaintiff, although the action is brought for another's use; and the penalty cannot be invoked if the city has misled the officer by giving contradictory orders.

4. PRACTICE—*but one plea puis darrein continuance in same cause.* There can be but one plea *puis darrein continuance* in the same cause, and if two are filed and plaintiff does not have one stricken from the files, the first of the two will be deemed properly filed and the second stricken.

5. SAME—*such plea may be filed any time before trial.* A plea *puis darrein continuance* may, in this State, be filed at any time before trial.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

This is an action brought by the City of East St. Louis for the use of John Dowd against John W. Renshaw, city treasurer of that city, and his sureties upon the official bond of said Renshaw, as such city treasurer. The declaration avers, that the bond, which was in the penal sum of $100,000.00, was executed on April 13, 1887, and on the next day acknowledged and approved. The condition of the bond, as set forth in the declaration, after reciting that Renshaw had been appointed city treasurer by the city council of said city at its meeting of April 13, 1887, provides, that, "if the said John W. Renshaw shall well and truly perform the duties of said office, and promptly account for and turn over to his successor, or other person designated to receive the same, all monies, books, papers, property and valuables coming into his hands as such officer, as directed by the city council, then this obligation to be void, otherwise to remain in full force." The breach assigned is as follows: "And for assigning a breach of the condition of said bond, plaintiff says that on, viz., the.....day of............. A. D. 1888, the said defendant had in his hands, as said treasurer, the sum of, viz., $2000.00, which said sum he had been directed to hold by the circuit court of St. Clair county, in chancery sitting, by an order of said court made in a certain cause therein pending, wherein the said John Dowd was complainant and the said city of East St. Louis and the said John W. Renshaw were defendants, and which said sum the said city, by its city council, ordered and directed the said Renshaw, as treasurer, to pay over to the parties entitled thereto, as shown by the said bill, which parties then held certificates of indebtedness or warrants executed by the said city of East St.

Louis, of which certificates or warrants the said John Dowd is now, and was at the beginning of this suit, the legal holder; yet the said defendant, Renshaw, did not pay to said John Dowd the said money aforesaid, as directed by the said city council, although often requested to do so, and still refuses to do so."

Six pleas were filed to the declaration, which were demurred to. The demurrers were sustained, and, the defendants electing to stand by their pleas, damages were assessed, and judgment rendered for $100,000.00 debt to be satisfied upon payment of $1967.95 damages, and the costs. Upon appeal to the Appellate Court, this judgment was reversed on February 4, 1890, and the cause was remanded to the Circuit Court. Of the six pleas which had been filed to the declaration, four had been demurred to, and the demurrers sustained, and leave was given to amend. The other pleas were two amended pleas which had been filed afterwards on October 4, 1888, and which were also demurred to, and the demurrers were sustained. After the cause was remanded, the Circuit Court overruled the demurrers to the amended pleas, and, the plaintiff electing to stand by its demurrers, judgment was rendered in favor of the defendants, and against the plaintiff for costs. This judgment in favor of the defendants, upon a second appeal to the Appellate Court, has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

The first of the amended pleas avers, that one Martin Martell was, on April 13, 1888, appointed city treasurer of said city by its city council, and was duly qualified as such, and became the successor in office of said Renshaw as treasurer, and entered upon the duties of the office, and "that since the last continuance of this cause, to-wit, on the 5th day of June, A. D. 1888, the said Martin Martell, as such treasurer, and as successor of the said John W. Renshaw, by the direction of the city council of said city, to-wit, on the 9th day of July, A. D. 1888, demanded

the same sum of $2000.00 mentioned in plaintiff's decla-
ration of said John W. Renshaw, and the said John W.
Renshaw, on the day and year last aforesaid, at the
county aforesaid, by the direction of the city council of
said city, paid the same $2000.00 in plaintiff's declaration
to his successor in office, the said Martin Martell, and
this the said defendants are ready to verify, wherefore
they pray judgment," etc.   The second amended plea is
substantially the same as the first, except that it avers
the payment of the $2000.00 mentioned in the declaration
to the plaintiff, the City of East St. Louis.

Messrs. G. & G. A. KOERNER, and Mr. J. J. RAFTER,
for the appellant :

It was error to overrule the demurrer to the pleas.
They were pleas *puis darrein continuance,* and were bad in
form.   Two such pleas were filed when only one is allowed.
1 Chitty's Pl. 695 ; 2 Tidd's Pr. (1st Am. ed.) 776-778.

The plea *puis darrein continuance* confesses the matter
which was in dispute between the parties.   Such plea
cannot be filed after demurrer to other pleas is deter-
mined.   3 Blackstone's Com. 317.

The plea, by operation of law, supersedes all other
defenses in the cause, and only questions the right of the
plaintiff to further maintain the suit.   It became the duty
of the holders of the particular warrants, who are repre-
sented by Dowd, the plaintiff, to pursue the official, Ren-
shaw, and it became his duty to pay it.   His failure to
do so gives plaintiff the cause of action.   *East St. Louis* v.
*Flanigen,* 26 Ill. App. 449 ; Murfree on Official Bonds, secs.
323, 486 ; *State* v. *Norwood,* 12 Ill. 177; *Satterfield* v. *People,*
104 id. 449.

Mr. F. G. COCKRELL, for the appellees :

Third persons, generally, can have no beneficial inter-
est in a bond of this character, unless a provision to that
effect is embodied in the statute which authorizes the

bond. *Brown* v. *Phipps,* 6 S. & M. 51; Murfree on Official Bonds, sec. 184.

But whether this bond is for the purpose of protecting the city solely to recover damages suffered by it, or for damages which might accrue to its creditors, the right of action is in the city, and it must be the plaintiff in the suit. *Phillips* v. *Singer Manf. Co.* 88 Ill. 307.

The city is considered the real plaintiff, whether the suit is brought for its own use or the use of others. *Washington* v. *Young,* 10 Wheat. 404; Murfree on Official Bonds, sec. 468, and notes.

The liability of sureties on an official bond is *strictissimi juris.* It cannot be extended by construction or implication. They have a right to stand upon the strict terms of the contract,—"what is nominated in the bond." *Lord Arlington* v. *Merrick,* 2 Sand. 403 ; *Kitson* v. *Julian,* 30 Eng. L. & Eq. 239; *Hassal* v. *Long,* 2 Maule & S. 363 ; *Commonwealth* v. *Fairfax,* 4 Hen. & M. 208 ; *Water Works* v. *Atkinson,* 6 East, 507; *Pepper* v. *Cooper,* 2 B. & A. 431; *Montgomery* v. *Hughes,* 65 Ala. 201; *Phillips* v. *Singer Manf. Co.* 88 Ill. 306 ; *Trustees* v. *Dean,* 130 Mass. 242 ; *Chelmsford Co.* v. *Demarest,* 7 Gray, 1; *Tyler* v. *Nelson,* 14 Gratt. 214; *Brown* v. *Lattimore,* 17 Cal. 93 ; *People* v. *Aikenhead,* 5 id. 106.

For breaches committed, the city only can bring the suit. *United States* v. *Boeker,* 21 Wall. 65 ; *Phillips* v. *Singer Manf. Co.* 88 Ill. 306.

The plaintiff must prove a breach of the condition of the bond as to him. Murfree on Official Bonds, sec. 468, and notes ; *Stone* v. *Chambus,* 1 Strobh. 117; *Skinner* v. *Wilson,* 61 Miss. 90 ; *Bassett* v. *Bowman,* 3 B. Mon. 90 ; *Moore* v. *McClief,* 16 Ohio St. 50 ; *Roberts* v. *Coker,* 11 Ala. 46 ; *Shannon* v. *Clark,* 3 Iowa, 152 ; *Kennedy* v. *Smite,* 7 Yerg. 472.

It is a general rule, that an action at law upon a contract must be brought in the name of the party in whom the legal interest in the contract is vested. *Dix* v. *Insurance Co.* 22 Ill. 272 ;. *Larned* v. *Carpenter,* 65 id. 543.

The treasurer has, by the direction of the city council, complied with the terms of his bond, and paid the funds in his hands to his successor in office.  *East St. Louis* v. *Launtz,* 20 Ill. App. 644.

The last pleas are good as pleas *puis darrein continuance,* and if not, they are good as pleas in bar.  *Gibson* v. *Bourland,* 13 Ill. App. 352 ; *Mount* v. *Scholes,* 120 Ill. 394.

The appeal is by John W. Renshaw and Franklin B. Bowman, which is authorized by the Revised Statutes, 1883, chapter 110, section 71.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

The question in the case is the sufficiency of the amended pleas.  We cannot see why the first amended plea, considered by itself, does not present a good defense. Renshaw bound himself by his bond to promptly turn over to his successor all monies coming into his hands as city treasurer, "as directed by the city council."  The plea avers, that his successor was appointed and qualified and had demanded the money, and the city council had directed him to pay it over to such successor, and he had done so. The averment is, that he did just what his bond required him to do.

It is claimed, however, that the plea, being a plea *puis darrein continuance,* waives all previous pleas, and confesses the matter in dispute between the parties.  The general rule is, that a plea *puis darrein continuance* supersedes all other pleas and defenses in the cause ; and, by operation of law, the previous pleas are stricken from the record, and the cause of action is admitted to the same extent as if no other defense had been urged than that contained in this plea.  (*Mount* v. *Scholes,* 120 Ill. 394; *Waterbury* v. *McMillan,* 46 Miss. 635 ; *Dinet* v. *Pfirshing,* 86 Ill. 83 ; 1 Chitty on Plead. 690 ; *Simonton* v. *Younge,* 1 Strobh. 17). "Everything is confessed except the matter contested by the plea *puis.*"  (*Kimball* v. *Huntington,* 10 Wend. 677).

What then are the allegations of the declaration which are confessed under the rule stated? The declaration alleges, that the Circuit Court, in a chancery cause therein pending between John Dowd complainant, and the City of East St. Louis and Renshaw, defendants, made an order directing Renshaw to hold the sum of $2000.00, which he had in his hands as city treasurer. It is at the same time alleged, that the said city, by its city council, directed Renshaw, as treasurer, to pay over said sum "to the parties entitled thereto, as shown by the said bill." The alleged orders appear to be inconsistent with each other. The meaning would seem to be, that the Circuit Court ordered the treasurer to hold the fund, and the city council ordered him to pay it to the complainant in the bill.

But the direction of the city council to pay to John Dowd, and not the direction of the Court to hold the fund, is the direction which is alleged to have been disobeyed. The breach assigned is, not that Renshaw did not hold the fund as directed by the court, but that he did not pay it to John Dowd as directed by the city council. There is no allegation, that he was directed to pay the money to Dowd within any specified time. It may be, that the city auditor was required to audit the claim before the treasurer was bound to pay it, and that it had not been so audited. It may be, that the mayor and city clerk were required to draw and sign a warrant on the city treasurer before the claim could be paid, and that such warrant had not been drawn and signed. If any such preliminary precautions were required by the law or ordinances, and had not been complied with, the treasurer was not at fault if he waited for a compliance with them, before obeying the order of the city council to pay the money to Dowd. At any rate, it does not appear, nor is it alleged, that he was guilty of any unreasonable delay in not paying over the fund after the first order of the council was made.

The filing of the plea of *puis darrein continuance* may be regarded as confessing that Renshaw was ordered by the city council to pay the money to Dowd, and that he did not do so. Yet it does not confess that there was no good cause for waiting a reasonable time before carrying the order into effect. While thus holding the fund, his term expired, his successor was appointed and entered upon the duties of the office, and, after the last continuance, as the first amended plea avers, such successor made demand for the money, and the city council made a second order directing Renshaw to pay the money to such successor, which order he obeyed. Notwithstanding the admission that the council ordered the payment to Dowd, yet, in the absence of any allegation, that there was any unreasonable delay in obeying that order, the making of a second order by the council to pay the money to the new treasurer before the first order was carred into effect, and the payment of the money to the successor in obedience to the second order, constituted a good defense.

The obligee in the bond is the city of East St. Louis. If it be admitted that the city may bring suit on the bond for the use of another, yet the city is regarded as the real plaintiff, whether the suit is brought for its own use or for the use of others. (*Washington* v. *Young*, 10 Wheat. 404). The City of East St. Louis, being the obligee in the bond and the plaintiff in this suit, is estopped from complaining that the obligor obeyed its own order to pay the money to his successor. If it made two contradictory orders, the last will be regarded as overruling or setting aside the first. Otherwise, the existence of contradictory orders might mislead the treasurer. The general rule is well settled, that the penalty of an official bond cannot be invoked where the plaintiff has done anything directly or indirectly to mislead the officer. (Murfree on Official Bonds, secs. 467, 468).

It is said that there can be but one plea *puis darrein continuance* in the same cause. Such seems to be the rule

in regard to such pleas. (1 Chitty on Plead. 692; Gould on Plead. 347). In the case at bar, however, the court granted leave to file amended pleas, and, when the two amended pleas were filed, plaintiff demurred to both of them. If the filing of the two amended pleas violated the rule stated, the plaintiff should have made a motion to strike one of them from the files. (*Millikin* v. *Jones*, 77 Ill. 372). Under the circumstances, the first plea will be regarded as properly filed, and the second as stricken from the files.

As to the time of filing the plea, the rule in this State is that a plea *puis darrein continuance* may be filed at any time before trial. (*Robinson* v. *Burkell*, 2 Scam. 278).

We think that the first amended plea set up a good defense to the action, and that the demurrer to it was properly overruled.

The judgments of the Appellate and Circuit Courts are affirmed.

*Judgment affirmed.*