## Patrick Ryan v. The Baltimore & O. R. R. Co.

1. BILL OF EXCEPTIONS—*Necessary to Make Motions a Part of the Record.*—A clerk of a court can not, by recitals upon the journal of the court, make motions, and the action of the court upon them, a part of the record; this can be done only by a bill of exceptions.

2. RAILROADS—*Presumption as to Ownership of Engines.*—In proving the ownership of engines in actions for personal injuries, it is competent to show the initials of the company. If one engine bears the initials of a company the presumption is that it is owned and operated by that company.

3. RELEASE—*Since the Commencement of the Suit.*—Where a defendant relies upon a release executed since the commencement of the suit he should plead the same *puis darrien continuance.*

4. PLEADING—*Pleas Puis Darrien—Effect of.*—If matter pleaded *puis darrien continuance* is held to be bad, no question is left, but the amount of damages. Such a plea waives all previous pleas.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed November 18, 1895.

MUNSON T. CASE and W. S. JOHNSON, attorneys for appellant.

FRANK O. LOWDEN and ROBERT MATHER, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

May 21, 1895, a verdict for the defendant, the appellee, was rendered, and June 3, 1895, a final judgment was entered upon it. The bill of exceptions states that "on the 4th day of June, A. D. 1895, the plaintiff's attorneys moved to have said judgment vacated and set aside, and filed in said court the following notice, to wit:

' STATE OF ILLINOIS, } ss.
  County of Cook. }

In the Circuit Court of Cook County.

PATRICK RYAN, plaintiff, }
        vs.                } Case 117,291—5,891.
UNION STOCK YARDS & TRANSIT CO. }

To Frank O. Lowden, attorney for defendant, B. & O. R. R. Co.:

You are hereby notified that on Wednesday, the 5th day of May, A. D. 1895, at 10 A. M., or as soon thereafter as counsel can be heard, before his Honor Judge Elbridge Hanecy, in the room usually occupied by him as a court room in the court house in said county, ask to have judgment entered herein yesterday, and order overruling motion for new trial, set aside. At which time and place you can appear if you see fit.                 Yours, etc.,

                    MARCUS KAVANAUGH and
                    MUNSON T. CASE,
                        Attorneys for Plaintiff.

Dated June 4, 1895.'

The following indorsement appearing on said notices:

' Service of copy of the within notice is accepted this 4th day of June, A. D. 1895.

                    FRANK O. LOWDEN,
                Attorney for B. & O. R. R. Co.'

And afterward, to wit, the said motion having been continued, the following proceedings were had on the 25th day of June, A. D. 1895: Upon motion of plaintiff's attorneys the court ordered that the order heretofore entered, overruling plaintiff's motion for new trial, and rendering judgment on the verdict, be set aside and vacated."

The May term ended June 15th. If such proceedings were had as stated in the bill of exceptions, the appellant should be permitted to show that in fact they were had, and if they are of any benefit to him, to have that benefit, they can be shown only by a bill of exceptions.

The clerk can not, by recitals upon the journal of the court, make motions and the action of the court upon them, a part of the record. Fireman's Ins. Co. v. Peck, 126 Ill. 493, citing many cases; Bowlan v. Lambka, 57 Ill. App. 334. The appellant could not make up a bill of exceptions at the May term, showing his motion and the continuance of it, for he had nothing in that regard to except to.

In the absence of any showing to the contrary it is to be presumed that in certifying to the bill of exceptions, the court had proper data to guide it. Gibbs v. Mooney, 121 Ill. 255. Putting May instead of June into the notice of the motion, was an error which the context corrected. The judgment being vacated, the motion for a new trial stood to be decided. It was then decided and another judgment entered, from which this appeal was taken. We hold that the case is now before us upon its merits.

The jury having been peremptorily instructed to find for the appellee, the case of the appellant is to be taken to be as strong as any evidence fairly tends to prove.

That case is that in April, 1893, the appellant worked as a blacksmith at a shop on 41st street, east of some railroad tracks of the Union Stock Yards and Transit Company, and morning and evening the course of business required him to cross that track to the office of the time-keeper west of the track. On the evening of the first day of April, 1893, he was returning eastward from the time-keeper's office. Several hundred men were crossing the track eastward, he among them. A train of freight cars was on the track with

an open space between them, at the street, of eight or ten feet, the engine being to the south. While he was attempting to pass through, the engine backed the cars, and the throng being such that he could not escape, he was caught between the cars and severely hurt. No notice of any kind that the engine was about to move was given.

The only evidence that the engine belonged to the defendant, which we regard as competent, is that it bore the letters " B. & O." Initials of railroad companies get to be as well known to the general public as the abbreviations which indicate the locations of land under congressional surveys. Jackson v. Cummings, 15 Ill. 449. From Lake Michigan to the Atlantic " B. & O." on an engine mean Baltimore & Ohio Railroad Company, without regard to the track it is upon or the yard it is in, and that those letters could be found upon an engine not belonging to that company, nobody could be made to believe.

The facts as to usage of railroads in that regard are as well known as the custom of which Caton, J., said, in Munn v. Burch, 25 Ill. 35, that " courts will not pretend to be more ignorant than the rest of mankind," which remark we applied to apartment houses in Fisher v. Jansen, 30 Ill. App. 91, aff., 128 Ill. 549. If the engine was owned by the company, there is a presumption that it was operated by that company. We so held in P., Ft. W. & C. Ry. v. Callaghan, 50 Ill. App. 676.

As to the care or negligence of the parties, we refrain from comment, as the case is to go back for trial. It is a case for a jury, and the court erred in taking it away.

Whatever may be the legal effect of the paper relied upon by the appellee as a release, the appellee could have the benefit of it only by pleading it *puis darrien*, as it was executed after the case was at issue. City of Chicago v. Babcock, 41 Ill. App. 238.

If so pleaded, and held to be bad, no question would be left except the amount of damages, as such a plea waives all previous pleas. Mount v. Scholes, 120 Ill. 394; Wallace v. McConnell, 13 Peters 136.

The judgment is reversed and the cause remanded.