JOHN ANGUS *et al.*

*v.*

THE CHICAGO TRUST AND SAVINGS BANK.

*Opinion filed December 22, 1897.*

1. PLEADING—*plea puis darrein continuance waives all previous pleas.* A plea *puis darrein continuance* waives all previous pleas and defenses, and confesses everything constituting the cause of action except the matter contested by such plea, and by operation of law all previous pleas are stricken from the record.

2. EVIDENCE—*when defendant has the burden of proof on plea puis darrein continuance.* Where the only issue presented by a plea *puis darrein continuance* to a declaration on promissory notes is whether certain checks were given and received in full settlement of the notes, the burden of proving such issue is upon the defendant.

3. PAYMENT—*when giving checks does not operate as a payment of notes.* Evidence that the defendant to a suit on notes gave certain ante-dated checks to the plaintiff after the beginning of the suit, and that the plaintiff was to hold the notes and the suit was to stand until the checks were paid, does not tend to prove that the plaintiff accepted the checks in full settlement of the notes, but shows merely that they were received as a mode of payment.

4. PRACTICE—*court should direct a verdict for plaintiff where evidence does not tend to prove issue made by plea puis darrein continuance.* The

court should direct a verdict for the plaintiff where the evidence does not tend to prove the payment of the debt sued for, which payment is set up by a plea of *puis darrein continuance.*

5. SAME—*when case may be placed on short cause calendar after being stricken therefrom.* Striking a case from the short cause calendar in order to give the defendant time to pay certain ante-dated checks, given as a mode of paying the notes in suit after the case was put upon the short cause calendar, does not deprive the plaintiff of his right to have the cause again placed thereon upon the defendant's default in paying the checks.

6. WAIVER—*consenting to trial waives alleged error in denying previous motion to strike from calendar.* A defendant consenting to go to trial before a jury of eleven men waives his right to urge as error the denial of his previous motion to strike the cause from the short cause calendar.

*Angus* v. *Chicago Trust and Savings Bank,* 68 Ill. App. 425, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

REBER & NOBLE, for appellants.

CRATTY BROS., JARVIS & CLEVELAND, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, brought by appellee against appellants on August 16, 1893, upon two promissory notes executed by the appellants, Angus & Gindele, payable to the order of James F. Keeney, and endorsed by Keeney to the appellee herein. The defendants were not served with process until June 14, 1895. On July 3, 1895, they filed two pleas: first, non-assumpsit, second, the plea of payment. On September 21, 1895, leave was given to the defendants to file special pleas, and on September 23, 1895, they filed two special pleas. The latter pleas were demurred to, and the demurrers were sustained. On January 27, 1896, leave was. given to the defendants to file an additional plea instanter, and to

plaintiffs to reply thereto instanter. The additional plea thus filed was a plea *puis darrein continuance.* A replication was filed to said plea, which will be mentioned hereafter. The cause was tried before a jury, who found the issues for the plaintiff, and assessed its damages at the sum of $2027.27. The latter amount was the sum total of the principal and interest due upon the notes sued upon. Motion for a new trial was overruled, and judgment rendered upon the verdict for the amount thereof. Upon appeal to the Appellate Court, the judgment has been affirmed; and the present appeal is from such judgment of affirmance by the Appellate Court.

The appellants seek a reversal of the judgment upon two grounds only.

*First*—It is claimed by the appellants, that the court erred in instructing the jury to find a verdict for the plaintiff, and to assess its damages at the sum of $2027.27. The giving of the instruction so given in writing was waived. The court committed no error in thus instructing the jury.

The additional plea, filed on January 27, 1896, being a plea *puis darrein continuance,* waived all previous pleas, and confessed the matter in dispute between the parties. The general rule is, that a plea *puis darrein continuance* supersedes all other pleas and defenses in the cause; and, by operation of law, the previous pleas are stricken from the record, and the cause of action is admitted to the same extent, as if no other defense had been urged than that contained in this plea. Everything is confessed except the matter contested by the plea *puis.* (*City of East St. Louis* v. *Renshaw,* 153 Ill. 491, and cases there cited). Here, the plea *puis* alleges that, after the last proceeding in this cause, that is to say, after the 4th day of November, 1895, the defendants gave to the plaintiff, and the plaintiff there accepted from the defendants, their checks payable to the order of D. H. Tolman (the president of the appellee bank), said checks being nine in number, of different amounts, and of different dates be-

tween November 11, 1895, and July 11, 1896, and amounting altogether to $4536.93; most of which checks were dated in advance. The plea *puis* also avers, that these checks were given to the plaintiff and received by it in full settlement of the notes sued on in this cause. To this plea a replication was filed by the plaintiff, in which it was averred that the said checks were not given to the plaintiff and received by it in full settlement of the notes sued on in this cause.

It thus appears that the issue or matter in dispute between the parties, as presented by the plea *puis* and the replication thereto, was whether or not the checks were given and received in full settlement of the notes sued on. The burden of proof upon this issue was upon the appellants; and there is no evidence in the record which tends to support the issue thus made. The only testimony upon the subject in support of the contention of the appellants was given by the appellant, Gindele, who says: "I gave Mr. Tolman about eight or ten checks, in payment of all that Angus & Gindele owed him, as in full settlement. He was to retain all the notes and pass them over as fast as we paid the checks. He was to retain the notes as collateral, and this suit was to stand until the checks were paid. The checks were dated ahead from one month to six or seven months." Several of the checks were paid, but others were not paid. When default was made in their payment, the pending suit was pressed to trial. The arrangement in regard to the acceptance of the checks was made on November 4, 1895, while the suit was pending, and after it had been put on the short cause calendar for trial. The suit was not dismissed, but its prosecution was merely delayed, in order to give the defendants an opportunity to pay the checks. The checks were thus given and received merely as a mode of payment of the notes, the notes being surrendered if the checks were promptly paid, but not otherwise. By this method time was given to the appellants,

but the action was not discharged in case of a default in payment.

There being no evidence tending to sustain the issue made by the plea *puis darrein continuance* and the replication thereto, the court very properly instructed the jury to find the issues for the plaintiff. As to the amount due upon the notes, there was no dispute. The testimony was, that there was due on the notes with interest the amount for which the verdict was rendered.

*Second*—Appellants also contend, that the trial court erred in refusing to strike the case from the "short cause calendar." This motion, so far as can be ascertained from the imperfect abstract of the record filed herein, was made about March 30, 1896, when the case was last called for trial. The motion to strike the case from the short cause calendar was made upon the alleged ground, that the case had been previously stricken from the trial court's short cause calendar. Section 3 of the Short Cause Calendar act, provides that, "If the trial of any suit which is upon the short cause calendar shall occupy more than one hour's time, then the court may, in its discretion, stop the trial, take the case from the jury and continue it, and the suit shall go to the foot of the docket and shall not again be placed upon the short cause calendar," etc. (3 Starr & Cur. Stat. p. 1001). Here, the cause was never stricken from the short cause calendar and placed at the foot of the docket because the trial thereof lasted over an hour. On the contrary, the proof shows that, on September 20, 1895, affidavit and notice to place the cause on the short cause calendar were filed; and that, on November 4, 1895, the suit was stricken from the short cause calendar. This, however, was only done because of the arrangement for the settlement of the suit by the giving of checks as above stated. It was thus stricken from the calendar for the benefit of the appellants, and in order to give them time to pay their checks. Subsequently, in January, 1896, it was again placed by the ap-

pellee upon the short cause calendar because of the failure of the appellants to pay their checks; but the cause was again stricken from such calendar in February, when appellants paid the installment then due.   Subsequently, in March, 1896, it was again placed upon the short cause calendar, and was tried.   It is very manifest, that no attempt was made to try the case, except on March 30, 1896. The case was merely passed or continued from time to time for the accommodation of the appellants.   It evidently comes within the meaning of section 4 of the Short Cause Calendar act, which provides, that "a suit upon the short cause calendar may be passed or continued for good cause shown, the same as other suits, and if so passed or continued, it shall lose its place upon such calendar, but may be again placed thereon."   (3 Starr & Cur. Stat. p. 1001).   It would certainly have been very unjust to allow the appellants to strike the cause from the short cause calendar, when it came on for trial on March 30, 1896, for the reason that it had been previously stricken from such calendar, when the acts of the court in thus striking it therefrom were in the interest and for the benefit of the appellants.   We are, therefore, of the opinion, that the court committed no error, under the circumstances, in overruling the motion to strike the cause from the short cause calendar.

In addition to what has already been said, the appellants consented to the trial of the case before a jury of eleven men; and thereby waived their motion to strike the case from the short cause calendar.   (*Belford* v. *Beatty*, 145 Ill. 414).

The judgments of the Appellate and Superior Courts are affirmed.                        *Judgment affirmed.*