# John H. Miller v. McCormick Harvesting Machine Co.

1. PLEADING—*Pleas Puis Darrien Continuance.*—In pleading a plea *puis darrien continuance*, the pleader waives all other pleas by him previously pleaded and confesses the cause of action except as to the matter contested by his plea *puis.*

2. SAME—*Sufficiency of the Plea.*—A plea *puis darrien continuance*, of the recovery of a judgment since the last continuance in another action, does not present a defense if it fails to allege that the former judgment was the result of a trial upon the merits, and that the time the plea was filed the judgment was not appealed from, reversed or vacated, but remained in full force and effect.

3. PARTIES—*Waiver of the Right to Assign Error.*—A party by taking leave to amend his plea after demurrer thereto is sustained by the court, waives his right to assign error on the court's ruling upon the demurrer.

4. SAME—*What is Not Reversible Error.*—There is no reversible error in denying a cross-motion of a defendant for leave to add a proper verification to his plea where the plea is bad for other reasons and presents no defense to the action.

5. SAME—*Motions in Arrest of Judgment.*—A motion in arrest of judgment should not be entertained when it raises the same questions as were properly before the court on demurrer to the declaration where the defects are not substantial and are such as could be aided by the verdict.

6. INTEREST—*When Allowable on Balances Due from Agents.*—Where the report of an agent shows a balance in his hands, which he neglects to pay over on demand, the principal is entitled to interest on such balance.

**Debt on a Bond.**—Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the March term, 1899. Affirmed. Opinion filed July 20, 1899.

**Statement.**—January 18, 1892, one Frank Laster was appointed agent for appellee, a corporation, and on that day they entered into a contract by which Laster, for a salary agreed to be paid him, and other considerations, agreed to act as agent for appellee in certain territory specified, from the 1st day of January, 1892, " for the sale and delivery of appellee's harvesting machines, wire and extras, for the appointing of sub-agents, for the collecting of money

on notes and accounts belonging to said company and to the late firms of C. H. & L. J. McCormick and C. H. McCormick & Bro., and for the performance of any other duties which may be intrusted to him by virtue of the said agency—all of said duties to be performed by the said Laster as he may be directed from time to time by letter or printed instructions."

On the reverse side of the sheet of paper on which said contract was written said Laster, as principal, and appellant and others as sureties, under date of May 19, 1892, made their bond in writing, under seal, in the penal sum of $10,000, to appellee as obligee, the condition of which is as follows:

" Whereas, the said Frank Laster, on the 18th day of January, A. D. 1892, entered the service of the said McCormick Harvesting Machine Company, as agent for them, as shown in a contract of appointment and conditions hereto annexed.

Now, therefore, if the said Frank Laster shall well and faithfully discharge all his duties pertaining to the said service, as he may be instructed from time to time by the said McCormick Harvesting Machine Company, so long as he shall continue in their service, whether under the contract this day made with them, or any subsequent contract, and shall remit to them promptly as they may direct, all money collected or received by him, by virtue of said service, and shall, whenever thereunto required, make and give a just and true account of all moneys, property and other things which shall have come into his possession, custody or charge by virtue of said contract hereto annexed, and made a part hereof, then this obligation to be void, otherwise to remain in full force and effect. It being hereby understood and agreed that all liability of every kind and description, as to sureties on this bond, shall cease and be of no effect after January 1st, 1893."

Pursuant to said contract said Laster acted as agent of appellee from January 1, 1892, to January 1, 1893, and afterward.

September 30, 1896, appellee brought its action in debt, against appellant, declaring upon said bond, and assigning certain breaches thereof, to which appellant demurred. The

demurrer was confessed and the declaration amended, by which the breaches assigned were as follows:

" Yet the plaintiff says that the said Frank Laster did not well and faithfully discharge all his duties pertaining to the said service, and did not remit to the plaintiff as directed all money collected or received by him by virtue of said service, and did not when required make and give a just and true account of all moneys, property and other things which came into his possession and charge by virtue of his said agency.

" And for assigning a breach of the said conditions the plaintiff says that after said Laster entered upon the duties of his said agency and after the making of said contract and after January 1, 1892, divers large sums of money belonging to plaintiff came into the hands of said Laster by virtue of said agency, amounting to $10,000. Yet said Laster then and there converted and disposed of the money so collected to his own use, and has neglected and refused to pay over to the plaintiff said money so collected, or any part thereof, and on the day last aforesaid said Laster was then and there requested to pay over the same to plaintiff."

To the declaration as amended appellant first demurred, but the demurrer was overruled. He then interposed six pleas, the second of which was *non est factum*. To these pleas, except the second, appellee interposed a general and special demurrer and took issue upon the second plea. May 28, 1898, this demurrer was sustained and leave given to appellant to file an amended third plea and additional pleas.

June 24, 1898, appellant filed two pleas; one a plea *puis darrien continuance*, and the other an additional plea, that he had kept and performed all and singular the terms, conditions and agreements in said bond, according to the true intent and meaning thereof. To these two pleas appellant filed a general and special demurrer, which was sustained as to the plea *puis* on October 20, 1898, but the record shows no disposition of the demurrer as to the additional plea. Appellant took leave to amend the plea *puis* within five days, but made no amendment.

Thereafter on October 31, 1898, appellee moved for final judgment in the cause, but before a disposition was made of this motion, appellant, on November 3, 1898, entered two

cross-motions, the first for leave to withdraw the plea *puis*, which was overruled, and second for leave to amend said plea by adding thereto a proper verification, which was also overruled.

The plea *puis* is abstracted by appellant, as follows (omitting the formal commencement and conclusion):

" That the plaintiff ought not further to maintain its aforesaid action thereof against him because that since the last continuance of this cause, to wit: since the first day of February, 1898, from which day this cause was last continued, to wit: on the 11th day of March, 1898, at the county of Hamilton and State of Illinois, in a cause of action then pending in the Circuit Court of said Hamilton County, wherein the plaintiff in this cause, the McCormick Harvesting Machine Company, was plaintiff, and Frank Laster, John T. Barnett, William J. Rice, J. S. Wycaugh and D. F. Sandusky were defendants, which action was for the same cause of action set forth in the declaration herein, judgment was duly given and entered, on the verdict of a jury duly impaneled to try the issues in said cause, against the plaintiff and for the defendants for the costs of suit.

" And the defendant says:    That the said cause of action so pending in said Circuit Court of Hamilton County in which said judgment was so rendered, was a cause of action brought upon a bond to secure the performance of the same duties and obligations, by the same principal party in said bond, given to the same plaintiff for the same period of time and upon the same issues as is charged in the declaration in this cause."

After overruling said cross-motions the court proceeded to the hearing of evidence for the assessment of damages, and assessed the damages of appellee at $1,971.27; whereupon appellant interposed a motion for a new trial, which was overruled, and also a motion in arrest of judgment, which was also overruled, and the court rendered judgment in favor of appellee and against appellant for $10,000 debt, and damages $1,971.27.    From this judgment this appeal is taken.

JAMES McCARTNEY, attorney for appellant.

The defendant's plea *puis darrien continuance* was a good plea and the demurrer should have been overruled.

Brandt on Suretyship, Sec. 145; Ames v. Maclay, 14 Iowa, 281; McChesney v. Bell, 59 Ill. App. 84; Boynton v. Phelps, 52 Ill. 210; Trotter v. Strong, 63 Ill. 272; Davis v. People, 1 Gilm. 409.

JOHN C. EDWARDS, attorney for appellee; WILLIAM T. UNDERWOOD, of counsel.

The plea *puis* waives all other pleas and issues in the case.    Mount v. Scholes, 120 Ill. 394; East St. Louis v. Renshaw, 153 Ill. 491; Angus v. T. & S. Bank, 170 Ill. 298; Straight v. Hanchett, 23 Ill. App. 584.

Interest at the rate of five per cent upon the amount found to be due when the account was stated is properly included as a part of the judgment.    Section 2, Chap. 74, R. S.;  Clark v. Dutton, 69 Ill. 521;  Ditch v. Volhardt, 82 Ill. 134; Sutphen v. Cushman, 35 Ill. 186; Casey v. Carver, 42 Ill. 225; Underhill v. Gaff, 48 Ill. 198; Hartshorn v. Byrne, 147 Ill. 418; Dick Co. v. Sherwood Letter File Co., 157 Ill. 325.

MR. JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

Appellant, by pleading the plea *puis darrien continuance*, waived all his other pleas and confessed appellee's cause of action, except as to the matter contested by the plea *puis*.

In Angus v. Trust & Savings Bank, 170 Ill. 298, the court say :

"The additional plea filed January 27, 1896, being a plea *puis darrien continuance*, waived all previous pleas, and confessed the matter in dispute between the parties.    The general rule is that a plea *puis darrien continuance* supersedes all other pleas and defenses in the cause; and by operation of law the previous pleas are stricken from the record, and the cause of action is admitted to the same extent as if no other defense had been urged than that contained in this plea.    Everything is confessed except the matter contested by the plea *puis*.    City of East St. Louis v. Renshaw, 153 Ill. 491, and cases there cited."

In Lincoln v. Thrall, 26 Ver. 304, the defendant pleaded

a plea *puis* and at the same time the general issue. The court say:

"We think a plea of this description is in legal effect a waiver of all previous pleas; the cause of action on the record stands admitted to the same extent as it would have been if no defense had been urged other than that set up in the plea *puis darrien continuance;* and the effect of such a plea is to strike from the record by operation of law all previous pleas, and everything stands confessed except the special matter contested by the plea."

It was therefore not error for the court not to dispose of the plea of performance filed by appellant with the plea *puis*, but to disregard it. See also Mount v. Choles, 120 Ill. 394; 1 Chitty's Pl. (16th Am. Ed.), 690, and Ripley v. Leverenz, 83 Ill. App. 603, and cases there cited.

It is therefore unnecessary to consider the sufficiency of any other of appellant's pleas, as they are superseded by the plea *puis*, and the cause of action admitted except as to the matter stated in this plea.

We are inclined to the opinion that appellant, by taking leave to amend his plea *puis* after demurrer thereto was sustained by the court, waived any right to assign error upon the order of the court sustaining the demurrer thereto. Foltz v. Hardin, 139 Ill. 405; C. & A. R. R. Co. v. Clausen, 173 Ill. 100; C. & A. R. R. Co. v. Pearson, 71 Ill. App. 622.

We have, however, thought proper to consider the sufficiency of this plea. In our opinion it is bad and does not present a defense, because it fails to allege that the judgment set up in the plea was between the same parties, or their privies, as in the case at bar, or that the former judgment was the result of a trial upon the merits, or that at the time the plea was filed the judgment was not appealed from, reversed or satisfied, and was in full force and effect. Valandingham v. Ryan, 17 Ill. 25; Leopold v. Chicago, 150 Ill. 573; Wright v. Griffey, 147 Ill. 496; 3 Chitty's Pl. 1239; Brown v. Campbell, 110 Cal. 644; Harris v. Barnhart, 97 Cal. 546; Ellis v. Staples, 9 Humph. (Tenn.) 238.

The appellant having confessed the appellee's cause of action, with the exception of the matters set up in the plea *puis*, and that plea presenting no defense, the cross-motion

to withdraw the plea of appellant made three days after appellee's motion for final judgment was properly overruled. So far as appears from this record, there was no showing whatever that would entitle appellant to interpose any defense to the action after his plea *puis* had been held to be bad by the court.

There was no reversible error in denying the cross-motion of appellant for leave to add a proper verification to the plea *puis*, for the reason that the plea being bad no verification thereof could aid the plea so that it would present a defense to the action.

The appellant then being before the court confessing the plaintiff's cause of action, it only remained for the court to determine the amount of damages and render judgment. Ryan v. B. & O. R. R. Co., 60 Ill. App. 612; Mount case, *supra*, and Ripley case, *supra*.

The appellant claims that there was error in the allowance of interest to appellee and in including interest in the amount of damages assessed. Any error in this regard is waived by failing to make the point in appellant's motion for new trial. Besides, the evidence shows that there was a balance due from Laster, according to his own statements, December 21, 1892. It was proper to allow interest at five per cent upon this balance, which was done.

We are of opinion that appellant's motion in arrest of judgment was properly overruled for two reasons: First, because a demurrer to the amended declaration had been overruled and appellant thereafter pleaded to the declaration. A motion in arrest should not, therefore, have been entertained, when it raised the same questions as were properly before the court on a consideration of a demurrer to the declaration, the defects not being substantial ones, and being such as could be aided by verdict. The questions raised on appellant's motion in arrest, in substance, were as to the sufficiency of the declaration generally, which, of course, were the same questions raised by the demurrer to the declaration. Shreffler v. Nadelhoffer, 133 Ill. 536; C. & A. R. R. Co. v. Clausen, 173 Ill. 100.

Second. The declaration was sufficient to sustain the

judgment. We deem it unnecessary to consider in detail the several contentions advanced by appellant in this regard. The bond of appellant was written upon the reverse side of the contract between Laster and appellee, and by its express words, set out in the statement preceding this opinion, makes appellant a surety for the faithful performance of all his duties pertaining to his service of appellee from the 1st day of January, 1892, until the first day of January, 1893. Among these duties Laster was to remit to appellee, as directed, all money collected or received by him by virtue of his said service under said contract. The declaration alleges that after January 1, 1892, and prior to January 1, 1893, Laster received large sums of money belonging to appellee, which came to his hands by virtue of said agency, amounting to $10,000, which he converted and disposed of to his own use, and neglected and refused to pay over the same to appellee, although he was then and there requested to pay over the same to appellee. We regard these allegations as amply sufficient to sustain the judgment.

A further point is made that the evidence is insufficient to support the judgment. The point is not tenable. In substance it appears from the evidence that Laster made a statement to appellee of the amount of money remaining in his hands as its agent on December 21, 1892, which was $8,724.17. He also made another statement, or agent's report, on January 31, 1893, which included the business of 1892 not included in his previous report. This latter report showed a balance in his hands of $2,002.91 and was sufficient, in the absence of any other evidence, to justify the judgment. The appellee, however, by agreement with Laster, caused to be made an itemized statement of the balance due from Laster to appellee, which appeared to be $1,526.27. This latter amount, with interest at five per cent per annum from January 1, 1893, to November 1, 1898, was the amount at which the damages were assessed, and the proper amount under the evidence.

There being no error in the record the judgment is affirmed.