## Chicago & E. I. R. R. Co. v. John A. Lowry.

1. PLEADING—*Effect of a Plea Puis Darrien Continuance.*—By filing the plea of release *puis darrien* the general issue previously filed is waived and no evidence on the merits can be submitted on either side.

2. SAME—*Where a Plea Puis is Filed.*—Where a plea *puis darrien continuance* is filed in an action in case for personal injuries, the plaintiff is not required to show an affirmative case of negligence, or to show due care on his part, and the defendant is precluded from presenting evidence as to the merits of his defense.

3. WAIVER—*By Plea Puis Darrien Continuance.*—By filing plea *puis darrien continuance* after the general issue has been pleaded the latter plea is waived, and is by operation of law stricken from the record and is no longer in the case.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County, the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 21, 1899.

W. H. LYFORD, J. B. MANN and HAMILTON & STEVENSON, attorneys for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellee was in appellant's service as a switchman, and becoming injured in the course of such employment, brought this suit in case to recover his damages.

To the declaration appellant first pleaded the general issue of not guilty.

About a year afterward, appellant filed its plea *puis darrien, continuance,* setting up a release, under seal, by appellee, of the several causes of action mentioned in the declaration, as of a date subsequent to the commencement of the suit.

Issue was joined upon the plea *puis* by replication and rejoinder.

Counsel for appellant say, in their brief:

" The errors relied upon arise out of the ruling with reference to the plea *puis darrien continuance,* the court hold-

ing that by filing the plea of release *puis darrien* the general issue was waived, and that no evidence on the merits could be submitted on either side, thus holding that plaintiff was not required to show an affirmative case of negligence, or to show due care on his part, and that defendant was precluded from presenting evidence as to the merits of its defense."

The ruling so complained of was right.

The recent case of Ripley v. Leverenz, 83 Ill. App. 603, decided by this court, is in point, and the authorities there referred to are conclusive. By filing the plea *puis darrien* appellant waived its former plea of the general issue, and it was by operation of law stricken from the record; it was no longer in the case, and it is immaterial whether, if it had stood, the release would have been admissible under it or not.

The only questions for the trial court, under the pleadings, were the effect of the release under the circumstances of its giving, and the amount of damages.

It is urged with much seriousness that the judgment should be reversed because of the remarks of appellee's counsel in his argument to the jury. The grounds in support of the motion for a new trial were specified in writing, and they did not include mention of any error by the court in such respect. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

Nor is it assigned for error, here, that the trial court erred in overruling the motion for a new trial. It is, however, here assigned for error that the trial court erred in permitting improper remarks by appellee's counsel in presence of the jury, but it comes too late; and, besides, we may add, we fail to find that any exception was taken to the rulings of the court in such respects. Furthermore, a careful examination of all that the record contains in respect of such matters, fails to convince us that appellant was prejudiced by anything that was said, to an extent not amply cured by the remittitur made from the verdict in the court below.

The real issue tried was upon the truth of the matters set up in the replications to the plea of release, to wit:

" 1.   That prior to and at the time of the execution and delivery of said deed of release mentioned in said plea, defendant, through certain of its servants and authorized representatives in that behalf, intending to deceive and defraud plaintiff, caused plaintiff to become and be in such a state of intoxication that he, plaintiff, was unable to transact business, and was unable to appreciate and understand and did not appreciate or understand, the effect of said release.

2.   That prior to and at the time of the execution and delivery of said deed of release in said plea mentioned he was so intoxicated that he was unable to appreciate or understand, and did not appreciate or understand, the nature or effect of said release, which facts plaintiff alleges the defendant well knew at the time of the execution and delivery of said release; yet defendant fraudulently obtained said deed of release from plaintiff under said circumstances.

3.   That there was no consideration for the execution or delivery of said deed of release."

When the release was offered and received in evidence the burden of sustaining the truth of the matters set up in one or the other of said replications was cast upon the appellee.   It would be valueless to recite the evidence.   It was fully heard, and we discover no error in connection with its deliverance to the jury.   It was absolutely conflicting and irreconcilable upon the question of appellee's condition—as to sobriety or gross drunkenness—and was peculiarly a question for the jury.

Upon behalf of appellant the court gave to the jury certain instructions upon the effect to be given to the release in connection with the drunken condition of appellee, as follows:

" If you believe from the evidence that at the time the plaintiff signed the release which has been introduced in evidence, he, the plaintiff, was mentally capable of understanding and did understand the nature of the transaction in which he was then engaged, you should find the defendant not guilty.

If you believe from the evidence that the plaintiff signed the release in question and received from the defendant, or its agent, the sum of money therein mentioned, then your verdict should be in favor of the defendant, though you may

believe from the evidence that the amount paid plaintiff was not a sufficient compensation for his injuries; unless you further believe from the preponderance of the evidence that the plaintiff at the time he signed said release and received said money was drunk to such a degree as to be deprived of the use of his reasoning faculties."

And at the instance of appellee an instruction was given upon the same subject, as follows:

"The court instructs the jury that if you believe, from the evidence and under the instructions, that before and at the time plaintiff signed the release introduced in evidence that he was so intoxicated that he was unable to, and did not appreciate or understand the purpose or effect of said release, and if you further believe from the evidence that the defendant through its authorized agents before and at the time said release was signed was fully aware of plaintiff's said intoxicated condition, and that defendant, through its authorized agents or servants, fraudulently took advantage of plaintiff's said condition, and with the intention of cheating and deceiving the plaintiff, caused and procured said release in question for a sum of money which was much less than the amount which he was entitled to, if you believe from the evidence he was entitled to anything, and that the amount which it paid for the release was much less than he was entitled to, then the plaintiff had the right to repudiate said release within a reasonable time after he became sober, and if you believe from the evidence that said release was so procured from the plaintiff under such circumstances and conditions, and that he did repudiate it within such reasonable time, then said release is no defense to this suit."

We do not observe any criticism by appellant upon the court's action concerning such or any other instruction, and so far, at least, as the appellant is concerned, we must assume that the jury were properly instructed upon the law of the case.

The case is, therefore, one where the evidence was irreconcilably conflicting, and the jury were properly instructed as to the law. Under such circumstances we are not at liberty to disturb a judgment.

Upon the whole record the judgment must be affirmed, and it is so ordered.